# Erb *against* Erb.

Upon a sale of the real estate of an intestate by an order of the Orphans' Court for the payment of debts, the title remains in the heir until the contract of sale be executed by the payment of the purchase money and execution of the deed : hence, upon the death of the heir subsequently to the confirmation of the sale by the court, and prior to the execution and delivery of the deed, his interest will descend as land and not as money.

ERROR to the Common Pleas of *Lancaster* county.

Magdalena Erb, administratrix of Christian Erb, deceased, against the administrators of Christian Erb, deceased. The parties stated the following case, and agreed to consider it as a special verdict :

Christian Erb of Warwick township died 4th October 1842, intestate, leaving a widow Magdalena and five children, Harriet, Henry, Nancy, Peter and Catharine. The administrators of the estate of Christian Erb, deceased, are Isaac Erb and Jacob Erb, who, on the 10th May 1844, filed their account, which exhibited a balance in their favour of $1150.38$\frac{1}{4}$. On the 19th August 1844, the administrators obtained an order from the Orphans' Court to sell for debts the real estate of Christian Erb, deceased, consisting of about 103 acres of land in Warwick township, adjoining lands of Jacob Erb, Abraham Minnick, Peter Eaby and others. Also about 3 acres of woodland in same township adjoining lands of Adam Hollinger, Jacob Shitz and others. In pursuance of said order of the Orphans' Court, the administrators, on the 12th October 1844, exposed the premises (the whole of the real estate) to public sale, and sold the same to Jacob Erb of Cumberland county for $7957.03. Terms, one-third of the balance that may remain after paying debts and expenses, according to an administration account to be hereafter filed and confirmed, to be charged on the premises. The interest of said third to be paid to Magdalena the widow of said Christian Erb, deceased, annually, from 1st April 1845, during her life; and after her death, said third to be paid to the heirs and legal representatives of Christian Erb, deceased. The rest of the purchase money to be paid 1st April 1845. This sale was confirmed by the court on the 18th November 1844. Catharine, the youngest child of said Christian Erb, deceased, died when about three years old, in February 1845, her mother, two brothers, and two sisters surviving. Isaac Stauffer, who was duly appointed on the 19th December 1842 the guardian of said Catharine, received no part of the proceeds of the sale of the real estate. The administrators of Christian Erb claim that Catharine's share

[Erb v. Erb.]

in the proceeds of the sale of said real estate goes to her mother for life only; that it is to be considered as real estate. And Magdalena Erb, the mother of said Catharine, claims the said share as her's absolutely; that it is personal estate.

The matter is therefore referred to the court for their opinion, whether the share of Catharine Erb in the proceeds of sale of the real estate of her father, Christian Erb, deceased, is to be considered by the administrators as real or personal estate. If real estate, judgment to be rendered for plaintiff for $1; and if personal, judgment for plaintiff for $100. Either party to have the right to take a writ of error to the Supreme Court without affidavit or recognizance.

The court below was of opinion that the proceedings to sell by order of the Orphans' Court, and the sale and confirmation converted the real estate of the heir into personal, and therefore rendered a judgment for the plaintiff for $100.

*N. Ellmaker*, for plaintiff in error, argued that the legal and equitable estate remained in the heir until it was actually conveyed to the purchaser: it would have been in the power of the Orphans' Court to have opened the decree of confirmation at any time before money paid or deed made. The purchaser certainly had not the legal title, for none was conveyed; he had not any equitable title, for he had paid no purchase money. Cited *Act of 19th April* 1794; 2 *Yeates* 261; 11 *Serg. & Rawle* 230; *Act of* 1833, *sec.* 3; 5 *Watts* 113; 8 *Serg. & Rawle* 312; 3 *Watts* 399; 6 *Watts* 32; 3 *Watts & Serg.* 314.

*Stevens, contra*, contended that the decree of sale, the sale actually made and confirmed by the court, vested the title in the purchaser, and made the administrator and his security responsible for the purchase money; the postponement by the administrator of the time of making the deed could not affect the title, for he was a mere instrument to carry into effect the decree of the court. The right was a vested right to the land in the purchaser which would have been the subject of levy and sale, and a purchaser of his title might have demanded the possession of the land upon complying with the terms of sale. Cited 11 *Serg. & Rawle* 230; 5 *Watts* 115; 14 *Serg. & Rawle* 185.

The opinion of the Court was delivered by

KENNEDY, J. — According to the case, as stated by the counsel of the parties, it became necessary to apply to the Orphans' Court of the county for an order, authorizing the administrators of Christian Erb, who died intestate, to sell his real estate to raise money thereby for the purpose of paying his debts, which order was made on the 19th August 1844. The administrators, pursuant thereto, sold the estate at auction on the 12th October 1844, to

[Erb v. Erb.]

Jacob Erb, for $7957.03; one-third thereof, after paying the debts of the intestate and the expenses of the sale, was to remain in the hands of the purchaser, a charge upon the estate until the death of the widow of the intestate, and the interest thereof in the mean time to be paid to her annually from the 1st of April then next following; and after her death, the principal to be paid to the heirs and legal representatives of the intestate; and the residue of the purchase money to be paid on the 1st of April 1845. The sale was confirmed by the Orphans' Court on the 18th day of November 1844. The intestate died leaving five children, named Harriet, Henry, Nancy, Peter and Catharine, the last of which died about three years old in February 1845, leaving the others and her mother surviving. The only question raised by the facts of the case is, whether the estate, at the time of Catharine's death, was real or personal estate. The court below considered it personal, and gave judgment accordingly. In this it is alleged that the court erred. It is certain that, at the death of Catharine, nothing more than a contract had been made for the sale of the estate, and approved by the Orphans' Court. It had been, in no respect, carried into execution; everything necessary for this purpose remained *in fieri;* the time for the payment of the first of the purchase money and the making of the deed of conveyance had not come around; nor does it appear that any part thereof whatever was paid. The legal title to the estate, therefore, still remained in the heirs, the same as before the order for the sale of it was made; and as no part of the purchase money was paid, I do not see any good or sufficient ground upon which the character of the estate could be considered as changed, either in law or equity, from real into personal. No portion of the purchase money having been paid by the purchaser, it could not be said with the least shadow of truth or propriety, that the estate, which consisted of land at the time of the sale, was thereby converted into money or anything like personalty. Notwithstanding the sale had been confirmed by the Orphans' Court, still it was liable to be defeated from more causes, perhaps, than one. Had the purchaser proved wholly unable to pay the purchase money, it will not be pretended, I apprehend, that all that was done towards effecting a sale of the estate could have had the least influence whatever in converting it into personalty. It is material to observe that the contract for the sale was made under the authority and operation of law; and, therefore, without being consummated and carried into full execution, ought not to be considered as changing the primitive character of the estate. Nothing will be considered as if done, in such case, until it is actually accomplished; for, if it were to be so considered, it might, in some instances at least, operate to the prejudice of those interested in the estate. The law, therefore, when it directs the sale of an estate, will take all possible care that the rights of those concerned in it shall not be prejudiced

N *

[Erb v. Erb.]

thereby more than can *be avoided*.   It bears no resemblance to the case where by deed or *devise* it has been agreed or ordered that land shall be converted into money, or money invested in land.   There the governing principle is, that what ought to have been done, or is even ordered to be done, shall be considered as if done; because it was the will of the owner of the estate that it should be so.   We therefore think that the court below erred in rendering judgment, as if the estate had been converted into personalty.  The judgment is reversed, and judgment given in favour of the plaintiff below, Magdalena Erb, for $1, according to the agreement of the parties in the case stated.

Judgment reversed.