Baum *et al. versus* Dubois.

*Contract under Seal by Agent for Sale of Land, validity of.*—*Ratification by Acquiescence:*—*Recital in Deed when Evidence of Payment of Purchase-Money.*—*Proof of actual Payment, when necessary.*—*Vendee of Land, when entitled to Possession.*—*Tender of Purchase-Money by Vendee, when unnecessary.*

1. A contract in writing for the sale of land signed and sealed by one as agent for the grantor, is valid though the agent's warrant was not sealed: and an ejectment may be supported thereon.

2. The contract of sale being valid, it was not necessary for the court to instruct the jury that the silence of the principal for four years was a ratification of the sale by his agent: but as this mistake could have had no influence on the verdict, it was unimportant.

3. The instruction of the court below that regular conveyances of land reciting the full payment of the purchase-money, and not accompanied by any suspicious circumstances, are no evidence that the vendee has actually paid the purchase-money, so as to enable him to stand *primâ facie* as a *bonâ fide* purchaser as against a previous unrecorded contract of sale, doubted:

4. But when a purchaser under articles, has a tenant in possession under 'lease, and the subsequent title is by conveyance to one who had knowledge of the previous contract of sale and then by executory agreement to another who had notice, and then by an assignment to a third person, who is without notice: other evidence must be given of the payment of the purchase-money.

5. Where under the agreement the contract was for a present sale with a present delivery of the deed and payment of the purchase-money, the grantee has no right to the possession before payment or deed delivered: he should have tendered the purchase-money and demanded his deed, after which he could sue for specific performance.

6. But where the vendor in the articles of agreement had subsequently sold and conveyed the land by deed to another whose vendees had entered upon the land and cut timber, the vendee under articles was not bound to tender the purchase-money before bringing ejectment for the land: and if entitled to specific performance, he is entitled to an account of the timber taken from the land and a deduction of its value from the price to be paid, the amount of the purchase-money to be fixed by a conditional verdict.

ERROR to the Common Pleas of *Clearfield county.*

This was an action of ejectment, brought in the court below, to January Term 1859, by John Dubois against Andrew Baum, A. Deitz, J. Y. Thompson, William Dixon, Hiram Fry, Alonzo Dixon, John E. Hoffman, Ethan McCullough, and John Voinchet, for five hundred and twenty acres of land in Brady township.

Both parties claimed under Thomas L. Batdorff, in whom it was conceded the title to the land in controversy formerly vested.

The plaintiff claimed under a purchase from James T. Leonard, who, as agent for Batdorff, sold the tract to Dubois by articles of agreement under seal, bearing date the 25th June 1849.

The defendant claimed under an agreement, dated the 7th of November 1853, by which Batdorff covenanted to convey the

tract in dispute to Bassler and Boyer. In pursuance of this agreement Batdorff and wife executed a deed to Bassler for the premises, which bore date the 25th March 1854, and was entered in the office for recording of deeds in Clearfield county, on the 10th November 1858. On the 10th November 1858, Bassler, by agreement in writing, sold the tract to John Y. Thompson. This agreement was recorded on the 13th October 1859. Thompson afterwards assigned to Baum.

The defendants alleged that they were *bonâ fide* purchasers for value, without notice of the plaintiff's title, and that having put their title upon record, they were entitled to hold as against Dubois, who had, as they alleged, failed to give such notice as the law requires to protect him against subsequent purchasers from the same vendor.

On the trial in the court below, the plaintiff offered to prove by James T. Leonard that he was the agent of Thomas L. Batdorff, duly constituted by writing to sell this land, and to have a general supervision of it; that he sold it to the plaintiff by articles of agreement, and notified Batdorff thereof, to be followed by the written contract of John Dubois, the plaintiff, and proof of actual possession taken and maintained thereunder.

To this the defendant objected that the agent for the sale of real estate is not competent to prove his own authority. But the objection was overruled, and the offer admitted by the court.

The plaintiffs then offered a letter of Thomas L. Batdorff to James T. Leonard, dated February 16th 1846, which was objected to because the contents are irrelevant to the issue. This objection was also overruled.

The letter was as follows:—

"Myerstown, February 16th 1846.

"James T. Leonard, Esq.—Dear sir: I received your letter from the 3d of last month, and find therein that our land will be sold again for tax. I wish you would attend to it, and have it sold, and buy it in for me. Get the treasurer's deed made to me, as we have concluded to sell the said tract, and I think it will be the cheapest way to give a title.

"My brothers and sisters have nearly all died, and have heirs living, and therefore it would be very troublesome to give a title. Send me by letter what the probable cost, and then I will send you a draft for the whole amount. Should any of the above proposals not meet your approbation, I wish you would also state it to me, and the right or cheapest way or plan to get the title in me. Do not delay in sending a letter. After my sincere thanks to you for punctuality, I remain, respectfully, your friend, &c.,                    "THOS. L. BATDORFF."

The plaintiff then offered article of agreement, 25th June

[Baum *et al. v.* Dubois.]

1849, between James T. Leonard, of Clearfield county, as agent of Thomas L. Batdorff, and John Dubois.

Objected to, because it is a contract under seal, and the agent exceeded his authority. This objection was overruled, and the agreement, which was in these words, admitted in evidence:—

"Article of agreement, made and entered into this 25th day of June 1849, between James T. Leonard, of Clearfield county, and state of Pennsylvania, as agent for Thomas L. Batdorff, of the one part, and John Dubois, Jr., of Lycoming county, and state aforesaid, of the other part, as follows: The said James T. Leonard, as agent, agrees to sell and convey unto the said John Dubois, Jr., all that certain tract or parcel of land situate in Brady township, Clearfield county, and known as No. 13, containing five hundred and twenty-one acres, more or less, in the name of Christian Lower; for which the said John Dubois, Jr., agrees to pay to the said Thomas L. Batdorff the sum of $626, at any time a deed is executed for the same, the money to be paid to James T. Leonard, or deposited to his credit in the Commercial Bank in Philadelphia. As witness our hands and seals the day and year aforesaid.

JAMES T. LEONARD,   [SEAL.]
As Agent for Batdorff.
JOHN DUBOIS, Jr.      [SEAL.]"

Plaintiff also offered to prove by W. A. Wallace, his counsel, what he, as attorney of Dubois, had communicated to Thompson concerning this land.

To which defendants' counsel objected that at the time the witness was acting as the attorney of Bassler & Thompson.

The court admitted the offer, restricting it however to what witness said, and not permitting him to state anything communicated to him by Bassler & Thompson, or any knowledge obtained from them at the time.

After the plaintiff had closed, the defendants offered, *inter alia,* to prove that the land was worth from $3 to $4 per acre when Judge Leonard sold to John Dubois, and that such was the current price for land in that neighbourhood.

The plaintiff's counsel objected that it is not relevant to this stage of the cause, which objection was sustained.

The plaintiff requested the court, among other things, to instruct the jury,

3. The contract of 25th June 1849. made by James T. Leonard as the agent of Thomas L. Batdorff with John Dubois, for the sale and conveyance of tract No. 13, is a valid and binding one, and the silence of Thomas L. Batdorff for the period of four years after that sale with the possession delivered thereunder to

[Baum *et al. v.* Dubois.]

the vendee, constitute John Dubois the vendee of Thomas L. Batdorff.

4. If the jury believe that the plaintiff took the possession of the land under the contract, and has paid the taxes thereon, and has always maintained that possession until the ouster by Baum and others before the bringing of this action, then the plaintiff is entitled to have the possession without payment or tender of the purchase-money.

7. By the terms of the contract the execution of a deed was a condition precedent to the payment of the money, and if the jury believe that Dubois, the vendee, demanded his deed, and was always ready to pay upon its being tendered, and 'that no such tender was ever made, he is entitled as against these defendants to recover the possession of the land without payment of the purchase-money.

The defendants also requested the court to charge—

1. That James T. Leonard, as the agent of Thomas L. Batdorff, had no power (his authority not being under seal), to execute the agreement with John Dubois, in evidence in this case, and that said agreement is therefore void.

The court below (LINN, P. J.) affirmed the plaintiff's third and fourth points in terms, and affirmed the seventh, adding "if the jury relieve the plaintiff was ousted of the possession acquired under the agreement." The instruction prayed for in defendants' first point was refused.

The court further instructed the jury as follows :—

"If you believe that Leonard had written authority to sell, and did sell to the plaintiff on the terms set forth in the written agreement in evidence, that Batdorff was informed of the sale by Leonard, and made no objection thereto, his acquiescence up to the time of the sale to Bassler would amount to a ratification of Leonard's act, and he cannot after so long acquiescence refuse to recognise it.

"If, in addition to this, you believe that Dubois took possession in pursuance of his purchase by leasing the land to a tenant, and has always been ready to comply with the terms of his agreement, he is entitled to recover the land against Batdorff and his heirs, and all claiming under him or them by subsequent purchase, except such as show that they are *bonâ fide* purchasers for value, without notice of the plaintiff's title."

Under these instructions there was a verdict and judgment for plaintiff. Whereupon the defendants sued out this writ, and assigned for error the admission of James T. Leonard as a witness to prove his authority to sell real estate; the affirmative answer given to plaintiff's third, fourth, and seventh points; the refusal of the court below to affirm the defendants' first point; and the instruction given to the jury as above stated.

[Baum *et al. v.* Dubois.]

*Swope & McEnally*, for plaintiffs in error, denied both the facts and the law asserted in plaintiff's third point, and insisted, first, that the contract was not valid and binding on Batdorff; and, secondly, that no possession had been delivered either by its terms or by the acts or with the knowledge of Batdorff; and that if any such thing could be inferred from the evidence, it was for the jury and not for the court to make the inference. They denied further that any of the facts therein referred to were brought to the knowledge of Batdorff before the sale to the other party was consummated, or that the court had any right to assume acquiescence from his silence, while the facts respecting his silence were uncertain; and further, they denied that either of these facts, or all of them together, authorized the court to affirm that John Dubois was the vendee of Batdorff. The agreement under seal bound Leonard and Dubois, but not Batdorff: citing Story on Contracts, § 141; Kent's Com., vol. 2, § 631; Story on Agency, §§ 147, 161; Bellas *v.* Hays, 5 S. & R. 427; Hopkins *v.* Mehaffy, 11 Id. 128; Devinny *v.* Reynolds, 1 W. & S. 332. As to the alleged subsequent ratification, they cited Hays *v.* Bellas, 5 S. & R. 427; 2 Greenl. Ev., § 66; Gordon *v.* Bulkley, 14 S. & R. 332; Banorgee *v.* Hovey, 5 Mass. Rep. 11; Hatch *v.* Smith, Id. 52; Story on Agency, § 253.

*William A. Wallace*, for defendant in error.—The important facts of the case were fully and fairly left to the jury. Of the authority of Leonard to sell this land, there can be no doubt, nor any as to his power to bind his principal by writing *not* under seal. Can it be that the addition of a seal vitiates the contract? The true test is, in whose name (as gathered from the writing) was the contract made? Story on Contracts 141; Hefferman *v.* Adams, 7 Watts 116; 1 Am. Leading Cases, 4th ed., 605; Derning *v.* Bullitt, 1 Blackford 241, 242; 6 B. Monroe 612, 620; 10 New Hampshire Rep. 470.

In the case of Bellas *v.* Hoyt, 5 S. & R. 427, the principal was not named by the contracting agent. Hopkins *v.* Mehaffy, 11 S. & R. 128, was that of the agent of a corporation undertaking to bind the corporation by his own name and seal. Devinny *v.* Reynolds is not at all in point. The ink seal does not vitiate the contract if otherwise valid: Deckard *v.* Case, 5 Watts 22; Hennessy *v.* The Western Bank, 6 W. & S. 301; 1 Am. Lead. Cases 607, 611, 612; Cooper *v.* Rankin, 5 Binn. 613; Wood *v.* Railroad Company, 4 Selden (N. Y.) 160; Crozier *v.* Carr, 11 Texas 376; Giddens *v.* Byers, 12 Id. 75; Story on the Constitution, § 138.

As to the question of subsequent ratification, he argued that the facts amounted to a ratification in law: citing 2 Greenl. Ev. 67; 1 Am. Lead. Cases 594. Being in possession under the

[Baum *et al. v.* Dubois.]

original owner, and being illegally ousted, the defendant in error was entitled to recover possession without tender of the purchase-money: D'Arras *v.* Keyser, 2 Casey 249; see also 2 S. & R. 354; 9 W. & S. 208; 10 S. & R. 37: especially where, as in this case, the plaintiff in error has failed to show that he is a *bonâ fide* purchaser: Lynch *v.* Lloyd, 4 Casey 419.

The opinion of the court was delivered, October 10th 1862, by

LOWRIE, C. J.—We might find some difficulty in managing an action of *covenant* on this agreement, but we can have none in regarding it as a valid contract for the sale of land, since it is "in writing," and signed by the parties, or their agents thereto lawfully authorized by writing. That the agent's warrant is not sealed, and the contract made by him *is*, avoids only his sealing and not his contract in writing, and is of no importance in this form of action. We find no essential defect in the evidence that the agent was authorized by writing.

There being, therefore, sufficient proof of a sale in writing, it must have been by reason of some oversight or confusion of thought that the counsel and the court thought it necessary to say that the silence of a principal for four years amounted to a ratification of the sale by his agent. The sale, as proved by the same witnesses who give this evidence of ratification, was valid of itself, and needed no ratification. If it did it was because of a defect of authority, and that defect could be supplied only by a written ratification, or by evidence of acts of such a character as to lead the purchasers to make such expenditures on the faith of the contract as would constitute a ground of equitable estoppel. But we do not discover that this mistake could have had any influence on the verdict.

We should not like to affirm, with the court below, that regular conveyances of land reciting the full payment of the purchase-money, and not accompanied by any suspicious appearances, are no evidence that the vendee has actually paid the purchase-money, so as to entitle him to stand *primâ facie* as a *bonâ fide* purchaser, as against a previous unrecorded contract of sale. We have noticed this question several times lately. But where, as here, the previous purchaser had a tenant in possession under a lease from him, and the subsequent title is by conveyance to one who had notice of the previous one, and then by executory agreement to another who also had notice, and then by assignment to a third who seems to be without notice, we cannot regard the title as being so regular and unsuspicious as not to need support by other evidence of the payment of the purchase-money. Supposing, therefore, that the court below was wrong in laying down so broad a rule, no harm was done, for its only effect was to require further evidence, and that was right.

[Baum *et al. v.* Dubois.]

But we do not think that Dubois had any right to the possession under his contract, and there is no evidence that Batdorff ever delivered it to him or authorized its delivery. The article says nothing about delivery. It contracts for a present sale, with a present delivery of the deed and payment of the price. That by no means involves a right in the vendee to enter before payment or deed delivered. Where payment is to be made by instalments at distant times a different inference may be proper. But it would be especially improper in relation to timber lands, the chief value of which may be abstracted before payment is made, if delivery were assumed to follow from the mere contract to sell.

Nor did Dubois put Batdorff in any default by demanding performance of the contract. He talked to the agent about the deed, and professed to be ready to pay; but he knew that the agent had no authority to make the deed, and that, therefore, the principal was the only proper person to apply to for that. He can make nothing out of the stipulation that the money should be paid to the agent, for that stipulation could be of no validity as against the principal.

The duty of Dubois, under these articles, was to show, within a reasonable time, that he wanted to have them performed, and this he ought to have done by tendering the purchase-money and demanding the deed (for these were to be simultaneous acts), and then he would have been in a condition to sue for specific performance. But, if he had not lost his right to this by his *laches*, we do not see that he was bound under the circumstances that now appear to tender the price before he brought this suit; because the vendor's successor to the legal title had, before this suit was brought, entered into the possession and taken off timber, and for this the plaintiff would be entitled to an account, and a deduction from the price of land. The defendant has, therefore, by his own act, rendered the amount to be tendered uncertain, and is not entitled to demand a previous tender. If the plaintiff is entitled to specific performance now, the amount of purchase-money due by him must be fixed by a conditional verdict.

Judgment reversed, and a new trial awarded.