GEORGE C. BRAGDON *vs.* CHARLES B. HATCH and another.

York. Opinion August 6, 1885.

*Forcible entry and detainer. Mortgages. Foreclosure. R. S., c. 90, § 5, cl. 2.*

A mortgagee, before foreclosure, cannot maintain forcible entry and detainer against the mortgagor, or those claiming under him.

Evidence that a notice of foreclosure was published in a newspaper "published" in the county, is not a sufficient compliance with the statute requiring such notice to be published in a newspaper " printed " in the county.

R. S., c. 90, § 5, cl. 2, makes the certificate of the register of deeds *prima facie* evidence of the publication of a notice of foreclosure; the certificate of the mortgagee is not competent evidence of such publication.

ON REPORT.

Forcible entry and detainer commenced in the municipal court of Biddeford and brought to this court on the pleadings.

The plaintiff claims title from a mortgage by Alice E. Hatch to William G. Getchell, dated February 6, 1879, which Getchell proceeded to foreclose March 1, 1882. The mortgage contained the one year foreclosure clause. April 16, 1883, Getchell conveyed the premises by warranty deed to the plaintiff. The defendants are the children and sole heirs of Alice E. Hatch, who had deceased. The only evidence of the foreclosure of the Hatch mortgage is stated in the opinion.

*Nathaniel Hobbs*, for the plaintiff.

*Bourne and Son*, for the defendants.

WALTON, J. A mortgagee's title will not support a complaint for forcible entry and detainer against the mortgagor, or those

claiming under him, unless the mortgage has been foreclosed. *Jewett* v. *Mitchell*, 72 Maine, 28, and cases there cited.

The evidence of foreclosure in this case is not sufficient. The only evidence of the facts necessary to constitute a foreclosure, is a certificate of the mortgagee. He certifies that he published a notice of foreclosure in the Sanford Weekly News, *published* weekly in Sanford, in said county ; but he does not say that the Weekly News was *printed* in Sanford, or within the county. In *Blake* v. *Dennett*, 49 Maine, 102, such a certificate was held to be defective ; for the statute requires the notice to be published in a newspaper *printed* in the county ; and a newspaper may be published in a county, and yet not be printed there ; and when the foreclosure of a mortgage is claimed, a strict compliance with the provisions of the statute must be shown.

Besides, we do not think a certificate of the mortgagee is competent evidence. The act of 1849, c. 105, (R. S., c. 90, § 5, clause 2,) makes the certificate of the register of deeds *prima facie* evidence of the publication of a notice of foreclosure ; but there is no statute or rule of evidence that makes the certificate of the mortgagee evidence of the fact ; and we think it is not competent evidence.

*Judgment for defendants.*

VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.

PETERS, C. J., concurred in the result.