Statement of Facts.

## W. I. GREENOUGH v. BRUCE SMALL ET AL. (2)

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF NORTHUMBERLAND COUNTY.

Argued May 27, 1890—Decided October 6, 1890.
[To be reported.]

1. The interest of an heir at law in the land of a decedent is not divested by an Orphans' Court sale of the estate of the decedent therein for the payment of debts, until the confirmation of such sale by the Orphans' Court and the execution and delivery of a deed to the Orphans' Court vendee.

2. Such sale is the act of the court by the hand of the decedent's administrator; and, though the purchaser have paid the purchase money and taken possession, the sale being unconfirmed and deed not delivered, the heir at law or his vendee may recover in ejectment: Armstrong's App., 68 Pa. 409; Demmy's App., 43 Pa. 169; Morgan's App., 110 Pa. 271.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 93 July Term 1890, Sup. Ct.; court below, No. 217 December Term 1886, C. P.

On August 16, 1886, William I. Greenough brought ejectment against "Bruce Small and Susan E. Small, his wife, in right of said Susan E.," to recover the undivided one sixth of a parcel of land situate in Upper Augusta township. Issue.

At the trial on March 28, 1890, the death of Bruce Small, defendant, was suggested of record, and the plaintiff showed title as follows:

It was admitted that George B. Youngman died on April 9, 1880, seised of the land described in the writ, intestate, unmarried, and leaving as his heirs at law six brothers and sisters, Andrew A., Louisa H., Jacob, William, John Youngman, and Susan E. Small, the latter being the defendant. The plaintiff then put in evidence the record of a judgment in his favor against John Youngman, entered July 10, 1880, for $4,797.82, with process of execution thereon, levy upon the interest of John Youngman in the land in dispute, condemna-

tion, and sheriff's sale thereof under a writ of venditioni exponas on May 8, 1885, to William I. Greenough, the plaintiff. The sheriff's deed to the plaintiff, dated and acknowledged May 25, 1885, for the interest so sold to him, having been put in evidence, with the writ of ejectment as evidence of possession by the defendant, the plaintiff rested.

To meet the plaintiff's case, the defendant offered in evidence a record of the Orphans' Court, showing proceedings for the sale of the tract of land in controversy as of the estate of George B. Youngman, deceased, for the payment of the debts of the decedent; beginning with the petition of his administrators presented December 17, 1883, followed by an order of sale by the Orphans' Court; a special return thereof, under § 1, act of April 20, 1846, P. L. 411, showing a sale of the tract on January 16, 1884, to Susan E. Small, a lien creditor; exceptions filed by William I. Greenough to said return; the appointment of an auditor to pass upon said exceptions; the report of the auditor; exceptions filed to the report of the auditor, and closing with an opinion of ROCKEFELLER, P. J., filed April 27, 1885, wherein the determination of the matters in dispute in relation to the special return was deferred until it was ascertained whether, as was alleged, the administrators of the decedent had in their hands sufficient funds of the estate to pay all the debts, including that of Mrs. Small. It was proposed, also, to follow the offer of this record with the account of the administrators of George B. Youngman, deceased, filed August 8, 1885, confirmed absolutely, and showing that the accountants had charged themselves with the proceeds of sale of the tract in controversy, under the sale made by them to Susan E. Small, to wit, $2,800, and that the same had been settled for in full by her; this to be followed by proof that Mrs. Small, the vendee, went into possession of the land sold to her under the order of the Orphans' Court, and had remained in possession thenceforward.

To the foregoing offer the plaintiff objected, inter alia, that the record offered established that the Orphans' Court sale had not been confirmed by the court; and the fact that Mrs. Small chose to pay the purchase money before confirmation and delivery, was entirely immaterial and irrelevant.

By the court: Objections sustained; exception.[1]

Arguments.

The defendant then made a second and extended offer, in connection with the preceding, to prove by the testimony of A. A. Youngman, one of the administrators of George B. Youngman, deceased, certain matters in pais having relation to the judgment upon which Mrs. Small claimed to have the first lien against the real estate purchased by her at the Orphans' Court sale, and to the subsequent proceedings before the Orphans' Court upon the special return made.

Objected to, by the plaintiff.

By the court: Objection sustained; exception.[2]

No further testimony being adduced by the defendant, the court, GREEN, P. J., 21st district, holding special term, directed the jury to return a verdict for the plaintiff for the undivided one sixth of the premises described in the writ.[3]

A verdict for the plaintiff was rendered accordingly; and on April 26, 1890, a rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this appeal, assigning for error:

1, 2. The refusal of the defendant's offers.[1] [2]

3. The instruction to find for the plaintiff.[3]


*Mr. William A. Sober*, for the appellant:

1. In Horner v. Hasbrouck, 41 Pa. 169, and Smith v. Seaton, 117 Pa. 382, it is established that in Pennsylvania, the interest of an heir in a decedent's real estate is but contingent, and always defeasible by an Orphans' Court sale for the payment of the debts of the decedent. In such cases, the Orphans' Court vendee takes the paramount title, and, to hold otherwise, would be to affirm that the contingent and defeasible interest or estate of an heir is paramount to the title of the decedent under whom alone the heir or his vendee must claim.

2. Evidence was offered by the defendant to show not only the sale of the decedent's estate in the land in dispute by the Orphans' Court, but the payment of the purchase money in full by the vendee, and its appropriation to the payment of the debts of the decedent in strict performance of the conditions of the sale and according to the express purposes of the order, without reference to the subject matter of the controversy raised upon the special return, this to be followed by proof of possession taken under such sale, sanctioned by final confirma-

*Opinion of the Court.*

tion of the settlement of the administration account. The offer should have been admitted.

3. On payment of the purchase money and its appropriation to the express purpose of the sale, at least the equitable, if not the legal estate of the Orphans' Court vendee, became equal to the whole paramount title. Her possession was therefore that of the decedent himself. Thereby the lien of the judgment of the plaintiff was divested by the sale: Horner v. Hasbrouck, 41 Pa. 169; Dresher v. Water Co., 52 Pa. 225; Smith v. Seaton, 117 Pa. 382. Why, therefore, should not the defendant have been permitted to show her equitable title, even if no more was vested in her by said proceedings? See, also, Ebert v. Wood, 1 Binn. 216; Burke v. Young, 2 S. & R. 383; Taylor v. Adams, 2 S. & R. 534; Odd Fellows S. Bank's App., 123 Pa. 356; Patterson v. Caldwell, 124 Pa. 455.

*Mr. S. P. Wolverton* (with him *Mr. Charles M. Clement*), for the appellee:

The title of the heir as owner is not divested by an Orphans' Court sale until a confirmation of the sale and the execution and delivery of a deed to the purchaser; therefore, the proceedings offered in evidence by the defendant constituted no bar to the plaintiff's recovery: Leshey v. Gardner, 3 W. & S. 314; Erb v. Erb, 9 W. & S. 147; Demmy's App., 43 Pa. 155; Overdeer v. Updegraff, 69 Pa. 118; De Haven's App., 106 Pa. 612. Moreover, the payment of the purchase money by the defendant was a voluntary act, not required of her until confirmation of sale and delivery of deed; and, if such payment were made, it was at her own risk and in no way could affect the right of the plaintiff to recover: Velott v. Lewis, 102 Pa. 326.

OPINION, MR. JUSTICE CLARK:

On the 9th of April, 1880, George B. Youngman died intestate, seised, inter alia, of the premises in dispute. The plaintiff's claim is for the undivided interest of one of the heirs at law of the decedent, sold upon execution and purchased by him at sheriff's sale; while the defendant's claim is as a purchaser of the decedent's title at an Orphans' Court sale by the administrators for payment of debts: judgment was entered for the plaint-

Opinion of the Court.

iff. Whether this judgment was properly entered depends upon the decision of a single question, whether or not, after a sale of the decedent's title, by the Orphans' Court for the payment of debts, not yet confirmed but contested upon the ground that the personal estate is not insufficient for payment of the debts, an action of ejectment may be maintained against the purchaser for the interest of one of the heirs of the decedent. The Orphans' Court sale was made 16th January, 1884: the ejectment was brought 16th November, 1886, and judgment entered 26th April, 1890, at which time the exceptions filed to the confirmation of the Orphans' Court sale were still undisposed of.

It is well settled that an Orphans' Court sale does not divest the title of the heirs, until after confirmation thereof and conveyance delivered under the order of the court. In ordinary sales under articles of agreement between private parties, the sale, as to the vendor, works a conversion; equity regards that as done which the parties to the agreement have the power to do, and which they have agreed to be done: Richter v. Selin, 8 S. & R. 440. But Orphans' Court sales are made under the authority of the court; indeed, the sale is the act of the court, the administrator being only the hand of the court in making it: Armstrong's App., 68 Pa. 409; and it is therefore subject to the approval and confirmation of the court. Such sales "are liable to be vacated," says Mr. Justice STRONG, in Demmy's App., 43 Pa. 168, "by a power superior to the purchaser, and against his will. The sale, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered. Until then, the heirs' right to maintain ejectment, even against the purchaser, has not gone: Leshey v. Gardner, 3 W. & S. 314. Until then, no conversion takes place, and if the heir of the decedent die, even subsequently to the confirmation of the report of sale, but before the deed, his interest descends as land, and not as money: Erb v. Erb, 9 W. & S. 147; Biggert's Est., 8 Har. 17. These cases recognize a clear distinction between sales made under order of an Orphans' Court and private sales. The latter are exclusively acts of the parties, and are beyond the control of any other power. The former are not the acts of the decedent or his heirs or devisees; they are the acts of the court, and they require no consent of the owners. In substantial fact, the

purchaser buys from the court through its agent. The court reserves the power to decline his bid, and to disannul the act of its agent, until the sale has been fully consummated." To the same effect is Overdeer v. Updegraff, 69 Pa. 110; De Haven's App., 106 Pa. 612. The bid of the buyer at an Orphans' Court sale is but an offer to the court, which the court may or may not accept at its discretion: Hays's App., 51 Pa. 58; if accepted, however, the title of the buyer may for some purposes, perhaps, have relation to the date of his purchase. An administrator's sale of land, under an order of the Orphans' Court for payment of debts, is worthless without confirmation, for the act of 1832 expressly requires it: Morgan's App., 110 Pa. 271.

Even in the case of a sheriff's sale, the title of the debtor is not divested, nor can the purchaser maintain ejectment, or grant a lease of the lands, until the deed has been acknowledged and delivered: Hall v. Benner, 1 P. & W. 402. It may be, as we said in Holmes' App., 108 Pa. 23, although the title of the heirs is not divested, that the purchaser at an executor's sale, under an order of the Orphans' Court for payment of the decedent's debts, like a purchaser at a sheriff's sale, acquires an inceptive title or interest in the property at the time of the sale, which, if the sale be subsequently confirmed and a deed delivered, may support the lien of a judgment; but non constat that this sale will ever be confirmed, or a deed delivered. And certainly no one will seriously contend that this inceptive title, whether arising out of a sheriff's sale or an Orphans' Court sale, is sufficient to support a claim to the possession, prior to its consummation by the confirmation of the court and the delivery of a deed. If a purchaser, when the property is struck down to him, may at once enter into the possession pending proceedings for confirmation, great confusion and embarrassment in the settlement of estates would certainly ensue; for, as he could be dispossessed only by ejectment, the heirs or executors would be subject to much delay and useless litigation. It is not every equitable right or interest in lands, which entitles the owner of it to possession. In ordinary sales between individuals in their own right, a contract to sell does not ipso facto carry a right of possession until conveyance, unless the intention of the parties to that effect is manifest in the contract. "It is very common, it is true," says Mr. Justice

AGNEW, in Weakland v. Hoffman, 50 Pa. 517, "to let the purchaser in upon a sale, but we know of no rule of law by which the possession, so important a security to the rights of the vendor, shall pass from him without his covenant or consent." See, also, Smith v. Patton, 1 S. & R. 84; Baum v. Dubois, 43 Pa. 260; Irvin v. Bleakley, 67 Pa. 28; and also the very recent case of McGrew v. Foster, 113 Pa. 642.

We are of opinion that the learned judge of the court below was right in his instruction to the jury, and that the judgment was properly entered.

Judgment is affirmed.