———————o———————

## No. 3981.

### (Court of Appeal, Parish of Orleans.)

### MRS. FRANZ HEIDERICH vs. MARTIN HEIDERICH.

1.  He who first builds a brick wall may rest one-half thereof on the adjoining lot.  This is an appropriation of private property sanctioned by law.
2.  The owner of the land so appropriated has his compensation in the right to make the wall one in common, by paying for half the cost of its construction.
3.  In all cases, the right to use a wall as a party wall is dependent upon the obligation to contribute to the cost of construction.
4.  If a wall encroaches unduly upon the adjoining property, the owner of the latter has several alternative remedies.  If entirely on his property, he may require its demolition.  If partly on his property but to an undue extent, he may require thickness of the wall on his side of the line to be reduced to the proper proportion.  Or he may accept the status quo by making it a wall in common.  Should he adopt the latter course, his obligation to pay half the cost of construction is as complete as if there had been no encroahment.
5.  Where one of several co-owners of lot A is also the owner of lot B, and the wall on lot B encroaches on lot A, a sale of lot A to effect a partition by licitation, does not convey to the purchaser any greater right to the wall than the co-owners of lot A had, which was nothing more than the right to make the wall one in common.
6.  In such a case, the circumstances that one of the co-owners of lot A is the sole owner of lot B, does not give to the purchaser of lot

485

A. any greater right than all of his vendors possessed; nor is the owner of lot B precluded from claiming compensation for the use of the wall, should the owner of lot A elect to make it a wall in common.

Appeal from Civil District Court, Division "B."

Zengel Thomas & Suthon, for Plaintiff and Appellant.

J. B. Fisher, Frank McGloin, Farrar & Jonas, for Defendant and Appellee.

MOORE, J. This was a suit for the recovery of one half the value of a brick wall dividing the respective lots of the parties to the suit.

The answer admits defendant's ownership of the lot of ground described in the petition and the existence of the wall claimed by the plaintiff to be a party wall, but avers that it is not and has never been a party wall or wall in common forasmuch as it is built wholly on defendant's property; that the lot on which it is built was formerly owned by the plaintiff and that plaintiff acquired the lot from plaintiff's vendee; that plaintiff being thus the warrantor of defendant she is estopped from denying that title to the wall passed with the sale of the land on which it was built, and finally, in the event that it should be held that the wall is a common wall and that defendant is compelled to contribute his share of the cost of construction, then the plaintiff should be compelled to pay defendant the value of the latter's land occupied by the wall in excess of that portion which the law allows to be taken for the purpose of erecting a dividing or common wall, which excess, the defendant alleges is "at least twelve inches along the entire length of said wall," and the value of this excess slip to be one thousand dollars, which amount the defendant prays may be awarded him in reconvention.

There was judgment rejecting the plaintiff's demand and she appeals.

The facts are that on the 20th Oct., 1865, one Franz Heiderich acquired, by purchase, a certain lot of ground situated in the City of New Orleans, on which he and his family resided; the plaintiff herein being his wife, (now his widow), and the defendant one of his several children, the issue of that marriage.

In 1871 one J. G. Leech purchased a lot of ground immediately adjoining the Heiderich lot and soon thereafter built between these properties a thirteen inch brick wall, 30 feet in height and running back from the front, on Magazine street, to a depth of 75 feet, using this wall for the support of, and as a side wall for a two story brick building which he then erected on his lot.

This wall, whether through error or as the result of design, and about which the record is silent was not built on the dividing line of the two properties in the proportion fixed by the code, *id est* "one half on the land of his neighbor," C. C. Art. 675, but it rested 12 inches on the Heiderich lot and but 1 inch on the Leech lot, thus encroaching 5 1-2 inches on the former. Heiderich protested against this encroachment and there was some "war of words" between these neighbors, but it seems to have ended there.

The wall was completed and Leech's house was built with the wall abutting it and serving as side wall and support.

Heiderich died in 1884, and as the Heiderich lot was community property it passed to the widow and the children of Heiderich in the proportion established by law, and remained in their joint ownership until the 17th January, 1901, when it was sold at public auction to one Henry J. Meyers in order to effect a partition .

Meyers sold it on the 22nd Jany. 1902, to the defendant.

During her widowhood, to-wit: on the 6th day of June, 1898, the plaintiff purchased the Leech lot, it having been sold at public auction in the matter of the Succession of J. G. Leech.

It is conclusively established that at no time when the Heiderich lot was owned by Frank Heiderich, or, later, when it was owned jointly by his widow and heirs, and still later, when owned by Meyers, was the wall in question adopted or employed as a common wall, or that any of these parties were ever called on to contribute, or that any of them ever contributed, to the cost of building the wall. It is further shown that the first adoption of the wall as a wall in common was that made by the defendant soon after he acquired the Heiderich lot from Meyers.

Then it was that the old frame building, which was on the

Heiderich lot and which was some distance from the wall, was torn down and a brick building erected in its stead. This building abuts the wall and employs it for the support of the rafter and joists and flooring of the defendant's building.

Under these facts it may not be doubted that the defendant had no exclusive ownership in the wall, although he had the undoubted right of making it, as he did, a wall in common. But as neither he nor his authors ever contributed to the cost of the erection of the wall he cannot make it, no more than his authors could have made it, a wall in common without contributing to the cost of building it. This is code law. Art. 675 C. C. provides that "he who first builds in cities and town or their suburbs of this State, in a place which is surrounded by a wall, may rest one half of his wall on the land of his neighbor xxx provided the wall does not exceed eighteen inches xxx." If the neighbor be willing to contribute for his half to the building of the wall thus raised, then this wall is a wall in common between the proprietors. The neighbor who has refused to contribute to the raising of this wall, preserves still a right of making it a wall in common, by paying to the person who has made the advance, the half of what he has laid out for its construction, according to the rules hereinafter established." C. C. 676. In all cases, for there is no exception to the rule, the right to use a wall as a party wall is dependent upon the obligation to contribute to the cost of construction. 11 A. 465; 24 A. 113; 23 A. 114; 20 A. 553; 14 A. 337; 26 A. 507; 27 A. 199; 22 A. 114; 44 A. 492.

Nor does the fact that the wall encroaches upon defendant's lot affect the application of this rule to the instant cause.

As stated Franz Heiderich knew of the encroachment at the time the wall was being built; yet he suffered the work to go on. So also did the defendant, as well as his father and mother and his brothers and sisters know all along of this fact, and he admits that he bought the lot from Meyers with full knowledge of the encroachment of the wall on the Heiderich's lot.

Neither he nor his authors sought to compel a demolition of the wall if they believed it to be partly on their property to an

undue extent, to require its reduction to the proper proportion, both of which remedies, according to the circumstances of the case the law accorded them. On the contrary their acts and conduct was an acquiescence in and an acceptance of the location of the wall, Kelly vs. Taylor 43 A. 1157; and finally the defendant again accepted the existing conditions by making it a wall in common. His obligation to pay half the cost of construction is as complete as if there had been no encroachment. Davis vs. Grailhe, 14 A. 337.

There is no merit in the contention that the plaintiff is estopped from denying defendants title to the wall because it passed with the sale of the lot from plaintiff to Meyers and thence from Meyers to defendant. The defendant bought only what Meyers and his authors could sell and that was simply the right to make the wall a common wall by paying for it. Lavigne vs. Lacoste 26 A. 507-509; Chism & Boyd vs. Lefebre 27 A. 199; Oldstein vs. Building Association et al 44 A. 492-499 citing and affirming Lacoste's case, 26 A. supra.

It is contended by the defendant that if he is compelled to contribute, the contribution should be based on the *value* of the wall at the time he made it a party wall and not on the *basis* of the original cost of erection, and there is cited in support of this contention, Graihle vs. Hown 1 A. 140. This authority is to the effect that where the neighbor on whose property the wall has been partly built *refuses* to contribute to the expense he is bound to pay the cost of it whenever he undertakes to make it a wall in common; but that when there has been no *refusal* to pay upon notification of the intention to build and an opportunity be thus given to contribute to the cost of the wall and to see that no useless expense was incurred in its erection, then the contribution is made on the basis of the value of the wall at the time it is made a wall in common. In Auch vs. Labouisse 20 A. 553 the Court reviewing this authority, holds that the rule therein announced is not to be invoked to put the defendant in a worse position than he would be, if shown to have refused when called on to contribute; which we understand to mean that in the contingency stated in the Graihle case, the defendant ought to have the benefit of the lower figure.

In the instant case it is shown that the total number of bricks in the wall is 48,025; that the price of laying them, plus the cost of brick, at the time the wall was built was $18.00 per thousand or say a total cost of $863.00, but that the wall "could not be built for the same money to-day." One half of this sum is $431.50, but the plaintiff prays for judgment for only $400.00 for which amount she is entitled to judgment.

So far as concerns the defendant's reconventional demand for the value of his land to the extent of 5 1-2 inches along the entire length of the wall, to which extent the wall encroaches on his property, it is but necessary to say that as the defendant neither appealed, nor answered defendants appeal by praying for an amendment of the judgment in his favor in this particular, we are without authority to consider it.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, reversed and set aside and it is further ordered, adjudged and decreed that plaintiff, Mrs. Franz Heiderich, do have judgment against the defendant, Martin Heiderich in the sum of four hundred dollars, with legal interest thereon from judicial demand till paid. The costs of both Courts to be taxed against defendant and appellee.