## Hamilton's Estate. Hays's Appeal.

1. Heirs stand in no relation of confidence to the bidder at an Orphans' Court sale of their ancestor's land after proceedings in partition, and the highest bidder at such sale has no right which debars the heirs from trying to have his bid rejected and a resale ordered.

2. *Until the sale is confirmed,* the heirs may seek for purchasers who will give more, and may ask the court to open the biddings and offer the property to auction again, and the court, at their discretion, may order a resale.

3. Where, therefore, after the land was struck off to the highest bidder and the administrator made return of that fact and also of other facts for believing that a higher price could be obtained, and asked the court to set aside the sale and order another sale, the court had a right to make such orders.

4. The administrator or heirs may lawfully make an arrangement with their counsel or a stranger before the return, to have the sale set aside, he agreeing to give more at another sale.

5. The highest bidder cannot complain that he received no notice of the application to set aside the first sale, if he attend and bid at the second sale;

·whether he is entitled to such notice under any circumstances, or whether he has a right to appeal from a decree setting aside a sale, not decided.

APPEAL from the decree of the Orphans' Court of *Allegheny county*, in the matter of the sale of the real estate of Samuel W. Hamilton, deceased.

The land.of Samuel W. Hamilton, deceased, in proceedings in partition in the Orphans' Court, was appraised at $300 per acre, and after refusal by the heirs, was exposed to sale by the administrators, and struck down to Hays, the appellant, at $169.75 per acre, amounting to $24,825.93. After the sale and before its return to the court, Mr. Miller, of counsel with the administrators in conducting the proceedings, offered, if the sale were set aside, to give $300 more for the whole tract. One of the heirs in a written notice prepared by Mr. Miller, and addressed to the administrators, objected to the sale as being at a price too low, and offering a higher price himself. The administrator made his return, setting out the sale to Hays at $169.75 per acre, the valuation at $300 per acre; alleging that a larger sum could be had, and attaching the foregoing notice to the return, prayed that the sale might be set aside, and an *alias* order awarded.

Under a rule of the Allegheny Orphans' Court, "Reports of sales * * if appearing to be correct, shall on presentation * * be confirmed *nisi*, which confirmation shall become absolute unless exceptions are filed within ten days."

On presentation of the foregoing return, &c., the court without notice to Hays set the sale aside, and ordered another sale. Between the time of setting aside the first sale and the day fixed for the second, the widow and all the heirs of the decedent delivered to Mr. Miller, deeds for the land for $25,125.93 : he paid $10,000 cash, and gave his bond for the balance, payable on the delivery to him of a deed from the administrator.

The land was again put up on the day fixed by the *alias* order. Mr. Hays was present and a bidder. Mr. Miller and the administrator were also present, the land was offered as a whole, and struck down to Mr. Miller for $26,500. The sale was confirmed February 18th 1865, and the same day Hays, by petition, asked that Miller's sale be set aside, and that the sale made to Hays be confirmed. Hays also, February 20th, filed exceptions to the sale on the above-stated facts, and others, for the purpose of showing fraudulent combination between Mr. Miller and the administrators. September 16th 1865, the court made a decree setting aside the sale to Miller, and refusing to confirm the sale to Hays.

By special *allocatur* (see Haslage's Appeal, 1 Wright 443), Hays appealed from said decree to this court, and assigned the following errors:—

1. The court erred in setting aside the sale made by the administrators of said decedent to said James H. Hays.

[Hamilton's Estate. Hays's Appeal.]

2. The court erred in dismissing the petition and supplemental petition of said James H. Hays, so far as the same relates to the said sale made to him, and in refusing him the relief in said petitions prayed for.

*Hamilton* and *Acheson*, for appellant, argued that immediately upon the sale, Hays had an inceptive interest in the land: Morrison *v.* Wurts, 7 Watts 437; Slater's Appeal, 4 Casey 169; and had a right to be heard, and the court erred in setting aside the sale *ex parte*, without notice to him and against the rule of court; that the arrangement between Miller and the administrators was a deception practised on the court, and Hays's attendance at sale should not conclude him as to this, because he was there in ignorance of what had taken place between Miller and the administrator: Harrisburg Bank *v.* Foster, 8 Watts 16; Riddle *v.* Murphy, 7 S. & R. 235; Bricker *v.* Lightner's Ex'rs., 4 Wright 199. Citing also as to power of court over judicial sales and the right to appeal in cases like this: Cummings's Appeal, 11 Harris 509; Haslage's Appeal, 1 Wright 442; Gosline *v.* Place, 8 Casey 523; Chase *v.* Miller, 5 Wright 411; Hess's Appeal, 1 Watts 255; Robinson's Appeal, 1 Jones 414; Walker's Appeal, 1 Grant 431; Fitzsimmons's Appeal, 4 Wright 422.

*W. H. Lowrie* and *Hampton*, for appellee, argued that it did not appear that Hays had no notice; it is the duty of a purchaser to take notice, without having special notice: Rittenhouse's Estate, 1 Pars. 313. The sale was not confirmed *nisi*, and the reasons set out in the return were in fact exceptions to the sale. There was no fraud in Miller's arrangement with the administrators; if there were, it was not communicated to the court as a ground to set aside the sale, and therefore, not being used for effecting a purpose, could not be fraud in this respect: Phipps *v.* Buckman, 6 Casey 401. Lawyers may agree with their clients to buy their land, and have the contract carried into effect by a judicial sale: Parsons *v.* Black, 2 Grant 339.

The sale to Miller should not have been set aside. Hays was not a party; had no right to interfere; he has shown no case to justify this court to interfere, and the appeal should be quashed. This can be done even after special *allocatur*: Ewing *v.* Filley, 7 Wright 384; Eckford's Appeal, 1 Harris 172; Rees *v.* Berryhill, 1 Watts 263; Crawford *v.* Boyer, 2 Harris 383; Carpenter's Case, 2 Id. 486; Bickley's Adm's. *v.* Biddle, 6 Casey 276; Renninger *v.* Thompson, 6 S. & R. 1; Wellock *v.* Cowan, 16 Id. 318; Harker *v.* Elliott, 7 Id. 283; Burns *v.* Thomburg, 3 Watts 78; Arthur's Appeal, Western Dist. No. 160, October Term 1859 (not reported); Ake's Appeal, 9 Harris 220; Haslage's Appeal, 1 Wright 442.

[Hamilton's Estate.  Hays's Appeal.]

The opinion of the court was delivered, November 2d 1865, by Strong, J.—This appeal is founded upon a misapprehension of the relations between the parties.  Heirs of a decedent, when parties to a proceeding for partition in the Orphans' Court, stand in no relation of trust or confidence to the bidders at the Orphans' Court sale, and even the highest bidder, whose bid has been returned to the court as the best offered, has acquired no right which debars the heirs or their counsel from endeavouring to have his bid rejected and a resale ordered.  It is their right to have as much obtained for the property as can be, and until a sale has been made and confirmed, they may seek for purchasers who are willing to give more than was offered at the public auction.  They may ask the court to open the biddings, to order a new exposure of the property to auction.  This is no wrong to the person who bid most at the former auction.  His bid, though the highest, was but an offer to purchase, subject to the approval or disapproval of the court, and in approving sales made in partition, it is the duty of the court to regard primarily the interests of the heirs. The appellant in this case, then, has no reason to complain. Nothing done by the heirs of the decedent, or by Mr. Miller, their counsel, was a fraud upon him.  So far as he was concerned, they did what they had a right to do.  Supposing that more could be obtained for the property than the sum for which it was knocked down to the appellant, the administrator asked the court to set aside the inchoate sale, and order another attempt to sell.  They represented that the land was valued by the inquest at the sum of $300 per acre, while the bid offered by the appellant was only $169.75 per acre.  They also represented that more than the sum bidden could be obtained if a resale were ordered.  It is insisted that these representations were a fraud upon the court.  Very far from it.  So far as it appears, they were strictly true.  This is not denied ; but it is said the fact was concealed that Miller, the counsel of the heirs, had agreed to give more if the sale should be set aside, and that in pursuance of that agreement it was arranged that the court should be asked to refuse confirmation of the sale.  But the parties were under no obligation either to the court or to the appellant to communicate the existence of any such agreement.  Failure to communicate it was therefore no fraud. Sitting, as the court was, to make partition among the heirs, and for that purpose to convert the land into money, securing the best price that could be obtained, it could make no difference who offered more than the appellant's bid, and neither the court nor the appellant could have been affected by the fact that it was one or more of the heirs or their counsel or a stranger.  We see no evidence of any fraud whatever.  The heirs, through their counsel, presented to the court, as they had a right to do, a fair case for the exercise of its discretion, in confirming the sale, or setting

[Hamilton's Estate. Hays's Appeal.]

it aside, and the appellant has no reason to complain of the court's action. If the land was struck off to him for $130 an acre less than it was valued at by the inquest, and if the administrators were assured that a higher price could be obtained, if another sale was ordered, there were good reasons for making such order.

Again it is insisted, that it was irregular to set aside the sale to the appellant, without notice to him. This assumes that he had an interest in the land, when his bid had been returned as the highest. This may be doubted. Without, however, expressing any more positive opinion upon this subject, than that we expressed in Demmy's Appeal, 7 Wright 155, it is enough now, to say that the appellant's bid was but an offer to the court, which the court might or might not accept at its discretion. He stood in the situation of a bidder at a master's sale in chancery. It is by no means certain, that he had anything to do with the question upon which the court acted. Had the sale to him been attacked on account of his alleged misconduct, a different question might arise. But when the confirmation was resisted, for the reasons that the bid was less than the appraised value of the land, and that another exposure to sale would result in securing a larger price, it is not clear that the court should have directed any notice to him. However this may be, it is not for him now to complain of want of notice. He did not complain of the action of the court, until after a second sale had been ordered and made ; and even then, when he had failed to secure the position of highest bidder, he complained, not that he had no notice of the action of the court, in refusing to confirm the sale to him, and ordering another sale, but he offered to give a larger sum than he had previously bidden. Certainly he knew of the purchase which Miller had made from the heirs. His objection to the irregularity of the court's action without notice to him, was an afterthought. If ever available, it was made too late. The appeal is, therefore, wholly without any substantial foundation, and it is dismissed.

We express, now, no opinion respecting the right of a successful bidder, at an Orphans' Court sale, to appeal from a decree of the court setting aside the sale, and ordering another. That question need not now be decided.

The appeal is dismissed at the costs of the appellant.