# Reynold's Estate.

*Orphans' Court sale—Sale of real estate to pay administration expenses.*
The orphans' court has jurisdiction to decree the sale of the real estate of a decedent to pay the expenses of the administration of his estate. Such expenses are not debts of the decedent, and the law limiting the lien of his debts does not apply to them, and a sale for their payment may be decreed after the expiration of the lien of the debts of a decedent.

An orphans' court sale of real estate to pay the expenses of administration will not be set aside on the ground that the executor had paid a portion of the widow's exemption in cash, when no cash appeared in the inventory, and that this payment prevented him from meeting the expenses of administration, where there is nothing on the record to show that the widow was not entitled to receive the payment made to her by reason of the fact that she may have made her claim after the personal property had been converted into cash.

Argued Feb. 19, 1900.   Appeal, No. 180, Jan. T., 1899, by Byron Carpenter, from decree O. C. Wyoming Co., refusing to set aside orphans' court sale of real estate.   Before GREEN, C. J., McCollum, Mitchell, Dean and Fell, JJ.   Affirmed.

Petition to set aside orphans' court sale.

The facts appear by the opinion of DUNHAM, P. J., which was as follows:

This is an application upon the part of Byron Carpenter, the purchaser of the real estate of Philetus H. Reynolds, deceased, sold by Charles Gardner, executor, etc., by order of the orphans' court of Wyoming county, to pay debts, to set aside the sale and allow him to reconvey the land purchased by him.

From the record and files in the case we find the following state of facts, viz:

Philetus H. Reynolds died on May 18, 1889.

On December 9, 1889, the executor of his estate filed an appraisement of the personal property of said decedent, amounting to the sum of $133.40.

On April 16, 1890, the orphans' court confirmed the appraisement of the property, taken by Ruth C. Reynolds, widow of said Philetus H. Reynolds, deceased, consisting of personal pro-

perty, a horse, robe, wagon and one item of cash, $82.50, amounting in all to $300.

On or about October 5, 1895, Charles Gardner, executor, etc., filed his final account as executor of the estate of Philetus H. Reynolds, deceased, which was confirmed nisi November 14, 1895, and absolute January 30, 1896, by the orphans' court. This account is almost entirely for expenses of administration, and showed a balance due the executor of $47.54.

In the widow's appraisement, as we before said, there was an item of cash of $82.50. And in the final account of the executor there is a credit of $82.50, claimed by the executor as having been paid by him to the widow " on widow's claim."

On January 23, 1896, Charles Gardner, executor, etc., presented his petition to court, asking the court to authorize him to sell the real estate of said Philetus H. Reynolds, deceased, to pay the debts of decedent, among the debts being this balance of $47.54, claimed to be due the executor.

On March 7, 1896, the real estate of Philetus H. Reynolds, deceased, was sold by the executor, in pursuance of above order of court, to Byron Carpenter for the sum of $1,660. On August 13, 1896, this sale was confirmed by the court.

On or about August 13, 1896, Charles Gardner, executor, etc., executed and delivered to the purchaser, Byron Carpenter, a deed for the land purchased by said Carpenter, and he, Carpenter, has been in actual possession and occupancy of the premises from that time to the present.

At November sessions or term, 1898, Byron Carpenter presented his petition asking to have the sale set aside and he be allowed to reconvey the land to the estate of Philetus H. Reynolds, deceased, for the reason, or upon the grounds, that the orphans' court at the time the order of sale was awarded had no jurisdiction to decree a sale, as all the debts of said decedent had lost their lien upon the land.

That debts of a decedent are only a lien upon the land of such decedent for a period of five years from the date of his death is too plain to be questioned. And that this lien can only be extended by obtaining judgment in a proper manner during the continuance of such lien is equally clear.

It is also equally well established that the orphans' court has no jurisdiction to order the sale of real estate for the payment

of a debt that is not a lien upon that real estate. This proposition is so plain and evident that no authority ought to be needed to be cited. However, it is equally well established that the costs and expenses of administration are a lien upon the real estate of the decedent, and that for the payment of such claims the court has jurisdiction to decree a sale of the real estate of a decedent.

In this case it is a little difficult to make out just what the facts are, owing to the mistake of the appraisers or executor, or some of the parties who caused the appraisement and widow's appraisement to be made. We find in the appraisement of the goods taken by the widow, as we said before, the item of "$82.50 cash." And it is no doubt the law that the widow has no right to elect to take money or cash unless there is money actually to be taken. Or in other words she cannot elect to take some of the proceeds of the sale of property. And the presumption would be that when this item of $82.50 was put in as cash that there was that much cash on hand. And were this all there was of the case we should hold that there must have been that amount of money on hand to be set apart to the widow. But the items placed upon the inventory of goods set apart to the widow were not placed upon the general inventory, as required to be, showing that the parties who attended to this business did not understand their duties. And there is no cash item upon the general inventory. It would certainly be quite remarkable that the money left by the decedent was just of the exact amount necessary to make exactly $300 with the other three articles taken by her.

There is, however, a much stronger and more convincing reason for believing that this item was intended to be taken by the widow from the proceeds of the sale of other property, and that is the fact that the executor has charged himself with this amount as having been paid the widow upon her claim in his account. This account has been confirmed now for over three years, and no person interested in the estate has questioned that charge. Then, to, our acquaintance with the executor, with his character and reputation, convinces us beyond question that he would never have charged the estate with any such item had he not paid out the same as claimed.

We therefore find that there was an actual balance due the

executor, for expenses and proper items paid out by him on behalf of the estate of Philetus H. Reynolds, deceased, at the time the order for sale of his real estate was issued, and that the court had authority to order the sale of said real estate for the payment of this balance, and therefore that such sale passed a good title to the purchaser.

Now March 27, 1899, the citation and rule heretofore granted is discharged.

*Error assigned* was the decree of the court.

*C. O. Dersheimer*, with him *John A. Sittser*, for appellant.— A widow cannot claim cash from the proceeds of the estate and a decree to that effect will be vacated: Witmer's Est., 2 Pearson, 473; Formad's Est., 3 Pa. Dist. Rep. 13; Finney's App., 113 Pa. 11; Dorscheimer's Est., 7 Pa. Dist. Rep. 726.

An act of the orphans' court for want of jurisdiction or authority, is an absolute nullity: Pry's App., 8 Watts, 253.

The appellant acquired no title at the sale: Bindley's App., 69 Pa. 295.

The orphans' court is not a court of general jurisdiction, and has no power except that conferred by act of assembly, and its decree for sale may be questioned collaterally in an action of ejectment: Snyder v. Snyder, 6 Binney, 483; Huckle v. Phillips, 2 S. & R. 3; McPherson v. Cunliff, 11 S. & R. 422.

The orphans' court has no power to decree a sale of decedent's real estate to "pay a balance due the administrator" which has lost its lien by lapse of time: Clauser's Est., 1 W. & S. 208; Benner v. Phillips, 9 W. & S. 13.

Jurisdiction conferred by statute must be founded on the statute or not at all: Fowler v. Eddy, 110 Pa. 117; Musselman's App., 101 Pa. 165; McPherson v. Cunliff, 11 S. & R. 422; Johnson's App., 114 Pa. 132; Wylie's Est., 7 Pa. Dist. Rep. 748.

*Henry Harding*, of *Harding & Harding*, with him *James E. Frear*, for appellee.—The executor might have retained his commissions and expenses out of the personal fund and let unpaid creditors look to the land within the time of limitation: Cobaugh's App., 24 Pa. 143.

After a sale made under an order of the orphans' court, and

a final confirmation of it according to the rules of court, followed by the payment of the purchase money and the delivery of the deed, it is too late to make objections to the sale: Simmond's Est., 19 Pa. 439.

OPINION BY MR. JUSTICE FELL, March 26, 1900:

The orphans' court has jurisdiction to decree the sale of the real estate of a decedent to pay the expenses of the administration of his estate. Such expenses are not debts of the decedent, and the law limiting the lien of his debts does not apply to them, and a sale for their payment may be decreed after the expiration of the lien of the debts of a decedent: Cobaugh's Appeal, 24 Pa. 143; Demmy's Appeal, 43 Pa. 155. The decree of the court was conclusive of the fact that there was a balance due the executor. Indeed, this is not controverted, but it is claimed that among the items of credit in the final account of the executor was one that should have been disallowed, and the disallowance of which would have left a balance in his hands after deducting his expenses and commissions. The account was confirmed nisi before the order of sale was made, and absolutely seven days after the date of the order. All parties interested in the distribution and in the real estate had notice, and no one of them has ever objected to the account.

The credit referred to was not for a debt of the decedent which had been paid by the executor, and as to which he would have stood in the shoes of a creditor, and with no higher rights. It was for the payment to the widow of a part of her exemption in money, when it does not appear from the inventory that any money came into the executor's hands. Whether under the notice of claim given by the widow she was strictly entitled to receive this payment depends upon facts which are not disclosed by the record and which cannot be ascertained from it. If her claim was made after the personal property had been converted into money, she was entitled to the amount paid to her: Finney's Appeal, 113 Pa. 11. The record discloses the fact that the decree of sale was for the payment of a debt due the executor, and his account shows that the balance claimed by him and allowed by the court was for commissions and expenses of administration. This was sufficient to give jurisdiction, and the sale passed a valid title.

The decree is affirmed at the cost of the appellant.