## Crawford's Estate.

*Decedents' estates—Liens of debts not of record—Sale—Orphans' court sale—Confirmation of sale—Jurisdiction of orphans' court—Act of April 18, 1853, P. L. 503.*

Where a petition for the sale of a decedent's real estate avers that it is presented under the Act of April 18, 1853, P. L. 503, and also avers that the real estate is "subject to the lien of debts not of record," and the petition is not accompanied by an inventory or schedule of debts as required by the Act of March 29, 1832, P. L. 190, the petition will be regarded as having been presented under the act of 1853 even without such an averment.

A public sale of real estate of a decedent, made within two years of his death by a trustee in pursuance of an order awarded under the Act of April 18, 1853, P. L. 503, to relieve the land from the lien of the decedent's debts not of record, cannot be confirmed after the expiration of two years from his death, and this is so because there is no sale under the act of 1853 until confirmation by the court, and if confirmation is delayed until more than two years have expired from decedent's death, the debts will cease to be a lien, and the confirmation is inoperative. In such a case the consent of the heirs will not give the court the power to confirm the sale. The heirs may sell the lands themselves after two years from the death of their ancestor discharged of all his debts not of record, but the act of 1853 gives no authority to the court to do so for them.

Argued Feb. 11, 1908. Appeal, No. 373, Jan. T., 1907, by The College Tract Residence Company, from decree of O. C. Delaware Co., confirming sale of real estate in estate of Cornelius C. V. Crawford, deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Petition for sale of decedant's real estate.

The facts are stated in the opinion of the Supreme Court.

The court below in an opinion signed by JOHNSON, P. J., and BROOMALL, J., entered a decree confirming the sale.

*Error assigned* was the decree of the court confirming the sale.

*Lewis Lawrence Smith,* for appellant.—An administrator's sale of land for payment of debts is worthless without con-

firmation : Greenough v. Small, 137 Pa. 132 ; Hamilton's Est.,
51 Pa. 58 ; Bower's App., 84 Pa. 311 ; Dunlap's App., 182 Pa.
267 ; Overdeer v. Updegraff, 69 Pa. 110 ; Morgan's App., 110
Pa. 271 ; Brown's App., 68 Pa. 53 ; Robinson v. Glancy, 69
Pa. 89 ; Snodgrass' App., 96 Pa. 420 ; Fahrig v. Schimpff, 199
Pa. 423. The function of a sale under the Price act is to un-
fetter the title to land, not from the lien of actual specified
debts, but from the technical lien of possible unrecorded debts.
For the purposes of the Price act it is wholly immaterial
whether there are any debts or not. Until the expiration of
two years there is a statutory lien, which the Price act is
designed to remove. After that time there is no such lien, and
no reason, therefore, for invoking the Price act.

*Garrett E. Smedley*, for appellee.—The appellee contends
that the jurisdiction of the court having properly attached it
will not be ousted merely because the lien of unrecorded debts
expired before confirmation of sale, and that the confirmation
relates back at least to the time of sale if not to the date of
the decree to sell. That if a valid claim existed at the time
sale was decreed and actually made, the sale should be con-
firmed : Craig's App.; 5 W. N. C. 243 ; Bowker's Est., 6 W.
N. C. 254 ; Cake's Est., 157 Pa. 457 ; Smith v. Wildman, 178
Pa. 245 ; s. c., 194 Pa. 294 ; Grubb v. Galloway, 203 Pa. 236.

OPINION BY MR. JUSTICE BROWN, May 4, 1908 :

Cornelius C. V. Crawford died August 16, 1905, intestate,
and without issue, leaving a widow and collateral heirs. On
October 1, 1906, the widow and one of the heirs presented a
petition to the court below for the sale of the real estate of
which he was seized at the time of his death. The petition
averred that it was presented under the Act of April 18, 1853,
P. L. 503, but without such an averment it must be regarded
as having been presented under that act. The order of sale
was asked for because the real estate was " subject to the lien
of debts not of record, including among others, funeral ex-
penses, costs of settling the estate, taxes, book debts, paving
lien, etc." No inventory of the personal estate of the dece-
dent nor a schedule of his debts accompanied the petition, and,
as it lacked the jurisdictional averments required by the Act

of March 29, 1832, P. L. 190, authorizing a sale of a decedent's real estate for the payment of debts, an order could not have been awarded on it under that act. By the Act of February 24, 1834, P. L. 33, an executor or administrator is directed to apply to the orphans' court for an order to sell the real estate of his decedent whenever it satisfactorily appears that the personal estate is insufficient to pay all the just debts and expenses of the administration, but the act of 1853 does not authorize a sale for either of these purposes. The only averment in this petition upon which the court had authority to order a sale was that the real estate was "subject to the lien of debts not of record." Debts not of record were debts of the decedent, for the debts of the heirs not of record were not liens upon their interests in the land that descended to them. To pay funeral expenses, the costs of settling the estate, taxes and paving liens, an order of sale could not have issued, for neither of these items is mentioned in the act of 1853 as one for which the orphans' court can order a sale.

On the presentation of the petition on October 1, 1906, a citation was directed to the heirs who had not signed it, to show cause why the order of sale should not be awarded, and on October 27, 1906, it was awarded. No sale was made under it, and on June 15, 1907, an alias order was issued, under which one of the properties of the decedent was knocked off at public sale to the appellant on July 18, 1907. Return was made to the alias order on September 16, 1907, and the court was asked to confirm the sale. Exception was filed to its confirmation by the appellant, for the reason that on September 16, 1907, more than two years had expired from the death of Crawford, and, as his debts not of record were no longer liens upon his real estate, the court was without authority to confirm a sale of it for their payment. This exception was dismissed and the sale confirmed. On this appeal the single question is whether a public sale of real estate of a decedent, made within two years of his death by a trustee in pursuance of an order awarded under the act of 1853 to relieve the land from the lien of the decedent's debts not of record, can be confirmed after the expiration of two years from his death.

The Act of June 14, 1901, P. L. 562, provides " That no

debts of a decedent, except they be secured by mortgage or by judgment entered or revived by scire facias within five years prior to the death of such decedent, shall remain a lien on the real estate of such decedent longer than two years after the decease of such debtor, unless an action for the recovery thereof be commenced, and be indexed in the judgment index as other liens are indexed against such decedent, his heirs, executors or administrators, within the period of two years after his decease, and duly prosecuted to judgment." Crawford having died on August 16, 1905, his debts not of record ceased, after August 16, 1907, to be liens on the real estate which descended to his heirs. Neither the order of sale issued on October 27, 1906, nor the alias issued on June 15, 1907, continued their lien beyond the statutory period of two years: Bindley's Appeal, 69 Pa. 295. When the alias order was issued the debts of the decedent not of record were liens on the real estate of which he was seized at the time of his death, and on July 18, 1907, when the trustee exposed a portion of it to public sale and accepted the bid of the appellant as the purchaser of it, they still were liens. But no sale of the real estate was effected on July 18, 1907, and none could have been effected on that day by the trustee. All that he then did was to take the bid of the appellant as an offer made to the court which it might, or might not, accept in its discretion: Hamilton's Estate, 51 Pa. 58. Though the court's order had gone out for the sale of the real estate, until it approved the appellant's bid, there was no sale. The proceedings were in fieri until this was done, for the act of 1853 declares that the sale of a trustee "shall be subject to the approval of the court:" Brown's Appeal, 68 Pa. 53. "It is well settled that an orphans' court sale does not divest the title of the heirs until after confirmation thereof and conveyance delivered under the order of the court. In ordinary sales under articles of agreement between private parties, the sale, as to the vendor, works a conversion; equity regards that as done which the parties to the agreement have the power to do, and which they have agreed to be done: Richter v. Selin, 8 S. & R. 440. But orphans' court sales are made under the authority of the court; indeed, the sale is the act of the court, the administrator being only the hand of the court in making it: Armstrong's App.,

68 Pa. 409, and it is therefore subject to the approval and confirmation of the court. Such sales ' are liable to be vacated,' says Mr. Justice STRONG, in Demmy's App., 43 Pa. 155, ' by a power superior to the purchaser, and against his will. The sale, even after confirmation, does not divest the title of the heirs of the decedent, for it remains in the power of the court until a deed has been executed and delivered. Until then, the heirs' right to maintain ejectment, even against the purchaser, has not gone : Leshey v. Gardner, 3 W. & S. 314. Until then, no conversion takes place, and if the heir of the decedent die, even subsequently to the confirmation of the report of sale, but before the deed, his interest descends as land, and not as money: Erb v. Erb, 9 W. & S. 147; Biggert's Estate, 8 Har. 17. These cases recognize a clear distinction between sales made under order of an orphans' court and private sales. The latter are exclusively acts of the parties, and are beyond the control of any other power. The former are not the acts of the decedent or his heirs or devisees ; they are the acts of the court, and they require no consent of the owners. In substantial fact, the purchaser buys from the court through its agent. The court reserves the power to decline his bid, and to disannul the act of its agent, until the sale has been fully consummated.' To the same effect is Overdeer v. Updegraff, 69 Pa. 110 ; De Haven's App., 106 Pa. 612. The bid of the buyer at an orphans' court sale is but an offer to the court, which the court may or may not accept at its discretion : Hays's Appeal, 51 Pa. 58 ; if accepted, however, the title of the buyer may for some purposes, perhaps, have relation to the date of his purchase. An administrator's sale of land, under an order of the orphans' court for payment of debts, is worthless without confirmation, for the act of 1832 expressly requires it : Morgan's App., 110 Pa. 271 "; Greenough v. Small, 137 Pa. 132. And so a sale of land by a trustee under the Price act, made for any one of the reasons mentioned in it, is worthless without the " approval of the court."

Under our cases there could have been no valid sale of the decedent's real estate under the alias order of sale before September 16, 1907, the first day the court was asked to approve the bid of the appellant, but on that day there were no liens of debts not of record on the real estate; and, if not, the court was

without authority to order it to be sold to the appellant and a deed acknowleged to it as purchaser. Jurisdiction of the court, so far as it could have ordered a sale of the real estate of the decedent to relieve it from the lien of his debts not of record, had ended. If the lien of these debts had been continued in in the way pointed out by the act of 1901, the orphans' court, on a petition presented under the act of 1832, could have ordered and approved a sale which would have passed a good title to the purchaser and allowed creditors to come in on the proceeds. But this is not the situation before us.

In dismissing appellant's exception to the confirmation of sale the learned court below said: "An orphans' court sale made for the purpose of divesting the lien of unrecorded decedent's debts, under an order issued and a sale had within the statutory period of two years, where return of sale is not made until after the expiration of said period, will be confirmed, notwithstanding the purchaser objects to the confirmation, where the heirs or devisees do not object." The error of this is that the question is not one of the heirs not objecting to the sale, but of the authority of the court to approve it. It has no authority to order or approve a sale except as given by the statute, and a sale made or approved by it without such authority is void. Consent of the heirs can give it none. They may sell the lands themselves after two years from the death of their ancestor, discharged of all his debts not of record, but the act of 1853 gives no authority to the court to do so for them.

The assignment of error is sustained and the confirmation of the sale by the court below is set aside, the costs on this appeal to be paid by the appellee.