# Beyer, Appellant, *v.* Keylor.

*Decedents' estates—Lien on real estate—Expenses of administration—Costs of suit pending at death—Statute of limitations—Act of June 14, 1901, P. L. 562.*

Where the plaintiff in an action of trespass dies pending the action, and her administrator is substituted as plaintiff, and subsequently judgment goes against the plaintiff, and the latter's costs are taxed and confirmed by the court, such costs are part of the expenses of administration of the plaintiff's estate, and are not within the terms of the Act of June 14, 1901, P. L. 562, which limits the lien of decedent's debts on real estate to two years after the death of the decedent. The words of the act are "debts of a decedent," and the costs in question are in no sense of the term a debt of the decedent, existing at the time of her decease. They are merely expenses of administration, and are collectable out of real estate if there is a deficiency of personalty.

Argued Nov. 16, 1910. Appeal, No. 211, Oct. T., 1910, by plaintiff, from judgment of C. P. Lancaster Co., Sept. Term, 1909, No. 24, for defendants non obstante veredicto in case of David H. Beyer v. Henry S. Keylor, surviving husband, and Nannie Keylor and Frank S. Keylor, chil-

dren and heirs and terre-tenants of Martha E. Keylor, deceased.   Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ.   Reversed.

Scire facias sur judgment.   Before LANDIS, P. J.

From the record it appeared that on June 12, 1905, Martha E. Keylor commenced an action of trespass against David H. Beyer, to August Term, 1905, No. 2, and on December 15, 1906, while it was still pending, she died intestate, leaving to survive her a husband, Henry S. Keylor, and two children, Nannie Keylor and Frank S. Keylor, as her heirs at law.   On January 21, 1907, her death was suggested upon the record of the above suit, and Henry S. Keylor, as her administrator, was substituted as plaintiff.   On December 7, 1907, the case came on for trial, and a verdict was rendered by a jury in favor of the defendant.   On January 22, 1908, the jury fee was paid, and judgment was entered upon the verdict.   Rules for the taxation of costs were subsequently entered, and these were finally disposed of on March 27, 1909.   The amount of costs taxed in the suit in favor of the defendant was $116.79.   The decedent left no personal property, and, in order to charge the land of Martha S. Keylor in the hands of her heirs, a scire facias was issued on the original judgment on August 19, 1909, to September Term, 1909.

The court gave binding instructions for plaintiff and the jury returned a verdict for plaintiff for $116.79.   Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*B. F. Davis*, for appellant.—Claims for services rendered and expenses incurred in the settlement of an estate, are not debts within the meaning of the act: Cobaugh's App., 24 Pa. 143; Reynold's Est., 195 Pa. 225; Demmy's App., 43 Pa. 155; Bredin v. Agnew, 8 Pa. 233.

*W. U. Hensel*, with him *W. C. Rehm*, for appellees.—
The suit entered to August Term, 1905, No. 2 was tried
and concluded in ample time for the appellant to index
his claim in the judgment index against Martha E. Key-
lor's estate; and he could only make it a lien on her real
estate by conforming to the statutory provisions.

Not a single case cited in the argument of appellant is
germane to the question involved here because all of the
decisions refer to cases decided prior to the Act of June 14,
1901, P. L. 562, and had reference to the previous Acts of
February 24, 1834, P. L. 70, and June 8, 1893, P. L. 392:
Koering's Est., 34 Pa. Superior Ct. 425.

At the end of the two year period the lands of a decedent
are discharged from the lien of the debts, and are not
assets for the payment of such debts, whether in the hands
of the heirs, or devisees or purchasers: Kerper v. Hoch, 1
Watts, 9; Oliver's App., 101 Pa. 299; McNutt's Est., 15
Pa. Dist. Rep. 429.

OPINION BY RICE, P. J., March 3, 1911:

Martha E. Keylor brought an action of trespass against
David H. Beyer, the appellant, to recover damages for the
deprivation of the use of a certain spring which she claimed
was upon or appurtenant to land owned by her. She died
on December 15, 1906. Her husband was appointed ad-
ministrator of her estate and, as such, was substituted as
plaintiff in the action. The subsequent trial resulted in
verdict for defendant on December 7, 1907, and judgment
thereon on January 22, 1908. Subsequently the costs were
taxed by the prothonotary, and, upon appeals therefrom
to the common pleas, his taxation was confirmed. The
costs taxed in favor of Beyer, the defendant in the action,
were $4.00, the jury fee paid by him, and his witness bill,
amounting to $112.79. He then presented a petition to
the orphans' court for a citation on the administrator to
file an account. An answer was filed by the latter and,
after hearing, the court refused the citation on the ground
that the decedent left no personal property. Beyer then

(August 19, 1909) issued this writ of scire facias against Harry S. Keylor, the surviving husband, and the other two appellees, who were the children and sole heirs of the decedent and terre-tenants of the premises, to show cause why the amount of his judgment for costs should not be charged against the real estate of the decedent. The defendants in the scire facias pleaded non assumpsit and payment, and, the above facts being proved or admitted on the trial, the jury, by direction of the court, rendered a verdict in favor of Beyer for the amount of his judgment for costs, $116.79. Subsequently the court entered judgment for the defendants in the scire facias n. o. v., and from that judgment we have this appeal.

The learned trial judge conceded that the real estate of the decedent would be liable for the costs incurred, there being no personal property, if it had been promptly proceeded against, and as to that there can be no doubt. But he held, and the counsel for the appellees contend, that recovery out of the real estate was barred by the Act of June 14, 1901, P. L. 562, which provides: "That no debts of a decedent, except they be secured by mortgage or by judgment entered or revived by scire facias within five years prior to the death of such decedent, shall remain a lien on the real estate of such decedent longer than two years after the decease of such debtor, unless an action for the recovery thereof be commenced, and be indexed in the judgment index as other liens are indexed against such decedent, his heirs, executors or administrators, within the period of two years after his decease, and duly prosecuted to judgment." It so happens in the present case that the judgment for costs was obtained within two years after the death of the decedent. But it might not have been obtained until after the lapse of that period. Any permissible construction of the act of 1901 that would bar recovery in the case in hand, would also bar recovery, and for the same reason, in the supposed case. The unreasonableness of such a construction of the act would, of itself, prevent its adoption, unless compelled by the very

words of the act. But the words of the act not only do not compel that construction, but they clearly show that the legislature did not have in mind a charge upon the estate of the decedent accruing after his death. The words are "debts of a decedent," and the debt or charge under consideration was in no sense of the term a debt of the decedent, existing at the time of her decease. No question is, or can be, raised as to the propriety of the administrator of her estate having himself substituted as plaintiff and prosecuting the action until it was terminated by final judgment in favor of the defendant. If, upon the costs being taxed, the administrator had paid them, he would have a right to reimbursement out of the real estate, there being no personalty, as part of the expenses of administration. The right of the defendant to recover his costs cannot depend upon the voluntary action of the administrator. Whether paid voluntarily by the administrator, or enforced by the defendant by proceedings against the estate of the decedent, these costs fall properly under the head of expenses of administration; and, as already intimated, the act of 1901 does not, in terms, bar recovery thereof at the expiration of two years from the death of the decedent. No case bearing directly upon the question of the applicability of the act of 1901 to administration expenses has been cited, and it is stated by counsel that there is no reported case covering the precise question. But it was well settled in the construction of the Act of February 24, 1834, P. L. 70, and the Act of June 8, 1893, P. L. 392, that the limitation period prescribed by those acts did not apply to administration expenses. In Cobaugh's Appeal, 24 Pa. 143, BLACK, C. J., said: "The law limiting the lien of a decedent's debts does not apply to the compensation earned by and allowed to the executor or administrator. That compensation is not a debt of the decedent, but a part of the expenses of administration. The right to it may accrue after the seven years have expired. The whole scope and spirit of the act shows that it was intended to prevent heirs and purchasers

from being surprised by claims against the decedent him-
self, not placed on record in proper time." The claim in
question, as has been seen, is not a claim against the de-
cedent herself. Again, in Demmy's Appeal, 43 Pa. 155,
Judge PEARSON, of the orphans' court, speaking of sums
paid by the administrator for services performed for the
benefit of the decedent's estate after his death, said: "Al-
though valid charges against the estate of the decedent,
they are not debts due by him, and do not, in our opinion,
come within the provisions of sec. 24 of the act of. Feb-
ruary 24, 1834, which we construe to apply to no debts
except those contracted by the decedent and existing at
the time of his death. We think that neither the words
nor the policy of the law will give it a broader construction.
An executor or administrator may be necessarily delayed
for many years in settling the final account; he may be
delayed by litigation or other causes; may have the sanc-
tion of the court for that. delay, and after the five years
have expired, and the expenditure of the personal assets,
be involved in large sums for counsel fees, personal at-
tendance, and the fees of officers, etc. It would appear
both strange and highly improper to throw the whole loss
on the executor or administrator, or to say that the cred-
itors shall lose their debts, when there is an ample real
estate to pay them." This conclusion was sustained by
the Supreme Court on appeal. In Emerick's Est., 172
Pa. 191, it is said: "It must be an existing debt at the time
of decedent's death; claims for services thereafter rendered
and expenses incurred in the settlement of his estate are
not debts within the meaning of the act." So in Reynold's
Est., 195 Pa. 225, the present chief justice said: "The
orphans' court has jurisdiction to decree the sale of the
real estate of a decedent to pay the expenses of the admin-
istration of his estate. Such expenses are not debts of the
decedent, and the law limiting the lien of his debts does
not apply to them, and a sale for their payment may be
decreed after the expiration of the lien of the debts of a
decedent: Cobaugh's Appeal, 24 Pa. 143; Demmy's Ap-

peal, 43 Pa. 155." These decisions, under prior acts limiting the lien of the debts of a decedent, are pertinent and controlling in the construction of the act of 1901. There is nothing said or decided in any of the cases cited in the opinion of the learned judge below, or in the appellees' brief, which is in any way in conflict with the foregoing conclusion. It follows that the court was right in giving binding direction for the plaintiff.

The judgment is reversed, and the record is remitted to the court below with direction to enter judgment on the verdict.