## Straub Estate

**78**

*Harry B. Crytzer,* for petitioner.

TROUTMAN, P. J., April 10, 1950.—Stella I. Mc-Naughton, administratrix of the Estate of Jemima L. Straub, late of Tuscarora Township, Perry County, Pa., deceased, has presented her petition to the orphans' court of this county praying the court to order the sale of real estate, of which decedent died seized, situate in Tuscarora Township, Perry County, Pa., for payment of debts of decedent. The facts as averred in the petition, or of which the court takes judicial notice, are as follows: A judgment was entered by Department of Public Assistance on October 30, 1939, to January term, 1940, no. 158, against Jemima L. Straub, in the sum of $2,000. Jemima L. Straub died on May 29, 1944. The judgment of the Department of Public Assistance was revived to November term, 1947, no. 28, by amicable scire facias, filed November 25, 1947, in the following manner and form:

"IN THE COURT OF COMMON PLEAS OF THE COUNTY OF PERRY

| | |
|---|---|
| Commonwealth of Pennsylvania Department of Public Assistance versus Jemima L. Straub, Dec'd, Estate of Jemima L. Straub, Wesley E. Straub, Stella S. McNaughton, heirs of Jemima L. Straub | No. 28 November Term, 1947<br>AMICABLE SCIRE FACIAS SUR JUDGMENT, Originally Entered at No. 158, Jan. Term, 1940.<br>Real Debt $2000.00 |

"IT IS HEREBY AGREED, That the Prothonotary of said Court enter an Amicable Scire Facias upon the above Judgment, with the same effect as if a Scire Facias to revive the same had been

regularly issued, served personally on the defendant(s) by the Sheriff of said County, and duly so returned, and that a judgment be entered thereon in favor of the plaintiff, and against the defendant(s) with all the waivers and conditions contained in the original Judgment for the sum of ............Two Thousand ............Dollars being the amount of debt now due on the original judgment.

"WITNESSES:        Wesley E. Straub      L. S.
Orville R. Asper      Wesley E. Straub, heir of Jemima L.
Mrs. Helen Gross               Straub

                Stella S. McNaughton    L. S.
                  Stella S. McNaughton, heir of
                Jemima L. Straub
"Dated October 20, 1947      L. Straub
Address of Plaintiff:
Temporary Building No. 4, Harrisburg, Pa."

Letters of administration on the estate of decedent were issued to Stella I. McNaughton on July 15, 1944, by the Register of Wills of Perry County, Pa.

The petition for sale of decedent's real estate, as therein described, presented to this court on February 13, 1950, lists the following "Statement of Debts of Decedent", as the basis of the petition:

| "H. W. Botdorf | Funeral expenses | 219.50 |
| I. M. Vernon | 1949 taxes | 7.02 |
| G. Y. Miller | 1948 taxes | 6.88 |
| D. P. A. | Judgment of assistance | 2,744.40 |
| H. R. Patterson | Costs on judgment | 3.00 |
| G. Y. Miller | 1947 taxes | 18.50 |
| News Printery | Advertising estate notice | 10.00 |
| E. S. Glass | Letters | 13.50 |
| Estimated costs of administration | | 150.00 |
| Leonard | Inscriptions | 26.00" |

If none of the above listed items are liens against the real estate of decedent within the provisions of the Fiduciaries Act of 1917, P. L. 447, and its amendments and supplements, the orphans' court has no jurisdiction to order or direct a sale. For this there is abundant authority: Pry's Appeal 8 Watts 253; Benner v. Phillips 9 W. & S. 13; Sayler's Estate, 8 York 7; Reynold's Estate, 195 Pa. 225; Smith et al. v. Wildman, 178 Pa. 245.

The debts listed may be put into three classifications. First, unsecured debts of decedent, which include costs of administration. Second, real estate taxes as listed for the years 1947, 1948 and 1949. Third, judgment of Department of Public Assistance which was a lien on the real estate of decedent at time of her death.

Under and pursuant to the provisions of section 15 (a) of the Fiduciaries Act, 20 PS §521, all of the unsecured debts of decedent, including costs of administration, have lost their lien because no action for the recovery thereof was brought or indexed within one year after the death of decedent. This disposes of the items for funeral expenses, inscriptions and costs of administration.

Second, real estate taxes are listed for the years 1947, 1948 and 1949, as debts of decedent. Real estate taxes assessed and levied after the death of decedent are not "debts of decedent":

"The petition presented by the administrator, for authority to sell decedent's real estate for the payment of debts, is radically defective. The schedule of debts required by the Act of Assembly, is composed of a mortgage given by decedent, being the first encumbrance upon the real estate proposed to be sold, taxes and water rent accrued since his death, and expense of letters. Neither of these so-called debts is of such a character as to authorize the sale . . . Taxes and water rent, having been assessed since the death of decedent, are not his debts, but are due and payable by the devisees of the land. . . ."; Grice's Estate, 2 W. N. C. 211. See also City of Chester v. Creegan, 9 Del. Co. 100.

The court, therefore, has no authority to order sale of real estate for payment of these items.

The last and remaining item to be considered is the judgment of the Department of Public Assistance entered during the lifetime of decedent and revived within

five years after her death, as hereinbefore shown. Section 15 (*g*) of the Fiduciaries Act, 20 PS §527, regulates the method and manner of revival of judgments which were liens at the time of death of decedent:

"All judgments which at the time of the death of a decedent shall be liens on real estate owned by said decedent at the time of his death, or on real estate which shall have been conveyed by deed not duly recorded during his lifetime, shall continue to bind such real estate during the term of five years from his death, although such judgments be not revived by scire facias or otherwise after his death. Such judgments shall, during such term, rank according to their priority at the time of such death; and, after the expiration of such term, such judgments shall not continue liens on the real estate of such decedent, unless revived by scire facias, or otherwise, according to the laws regulating the revival of judgments. Any judgment against such decedent, which may be a lien upon real estate sold or aliened by such decedent during his life, may be revived by writ of scire facias according to law; and, for the purpose of any such revival, the writ of scire facias may be issued in the name of such decedent, with the same force and effect as if it were issued in the name of his executors, administrators, or legal representatives; but, before any judgment shall be entered thereon, the legal representatives shall be made parties defendant, and a scire facias shall be served on such legal representatives."

The personal representative and administratrix has never been made a party to the revival or the record in the court of common pleas in any manner whatsoever.

"Where the judgment debtor is dead, his personal representative may agree to an amicable revival of the judgment. In the case of such death, the writ of scire facias not only may, but should, be issued against

his personal representative": 6 Standard Pa. Practice 853, 854.

In Bash Estate v. Neudorfer Estate, 62 York 105 (1948), the Department of Public Assistance entered a judgment against W. F. Neudorfer in his lifetime. Within five years after death of the judgment debtor, the judgment was revived naming Earl S. Neudorfer, "devisee and heir at law of W. F. Neudorfer", as party defendant, and so the record stood. The personal representative of the estate, as such, was not named or served. The question of the jurisdiction of the orphans' court was not directly involved but the court significantly ruled:

"The Department of Public Assistance failed to make as party-defendant the executor of the Estate of W. F. Neudorfer. It issued its writ within five years from the date of the death of W. F. Neudorfer. . . . It could have preserved its priority over the Bash judgment. It did not do so by failure to bring in the personal representative of the decedent as party-defendant on its scire facias. More than five years elapsed following the death of W. F. Neudorfer. The lien of the Department of Public Assistance against his estate is lost."

This pronouncement is equally applicable to the instant case. If the lien of the judgment against the estate of decedent is lost there is no power or jurisdiction in the orphans' court to order or direct a sale of the real estate in question.

In accordance with the foregoing the court enters the following

### Decree

And now, April 10, 1950, the petition for order of sale of real estate of Jemima L. Straub, deceased, for payment of debts of decedent, is refused, the court having no jurisdiction. Costs of this proceeding are to be paid by petitioner.