## Miller Estate

*David Sharman, Jr.*, for petitioner.

*Donald Spang*, for respondent.

MUTH, P. J., May 8, 1963—Catharine Weinhold has presented her petition whereby she avers that she is a

co-executrix and beneficiary under the will of Susan M. Miller, deceased. Testatrix in her last will and testament disposes of her real estate situate at 456 Penn Avenue, in the Borough of Sinking Spring, Berks County, Pennsylvania, as follows:

"Item: I give, devise and bequeath to my daughter, Catharine Weinhold, the frame dwelling house and other buildings, together with the lot or piece of ground upon which the same is erected, and known as House No. 456 Penn Avenue, in the Borough of Sinking Spring, Berks County, Pennsylvania, for her absolute use for and during the term of her natural life. If however my said daughter should fail in her health and would have no other income and be in distress and dire need of funds for support, and comfort, then in such event she may consume such part of this bequest, which may be absolutely necessary for this purpose, but for no other purpose whatsoever. And after the death of said Catharine Ann Weinhold, I give, devise and bequeath the said dwelling house or the residue thereof to my son, Earl L. Miller, absolutely."

The petitioner requests a citation issue to Earl L. Miller, who is the owner of a vested remainder in the aforementioned real estate, directing him to show cause why the said property should not be sold and the proceeds thereof be held in accordance with the terms of the will.

Earl L. Miller, the remainderman, has filed an answer to the said petition averring, inter alia, that it was the intent of the testatrix, Susan M. Miller, who was the mother of the petitioner and the remainderman, that the petitioner have a home as long as she lives and objecting to the sale of the said real estate and requesting that the petition be dismissed.

The petition does not refer to any act of assembly upon which the petition is based although Rule 34 of

our Rules of Court provides that "Every petition shall set forth a citation of any Act of Assembly relied upon." Petitioner probably recognized the lack of any pertinent statutory authority.

It is clear that the provisions of the revised Price Act of 1945 have no application to the sale of the real estate of the testatrix since the interests of the petitioner and the respondent in the said real estate are vested, and the court therefore is without jurisdiction of such sale. The remedy, it would seem, would in the past have been found in the Orphans' Court Partition Act: Crawford's Estate, 221 Pa. 131; Bache's Estate, 246 Pa. 276; and Behringer's Estate, 265 Pa. 111. However, the Orphans' Court Partition Act has been repealed as to real estate of persons dying after December 31, 1949. An undivided interest of a minor or an undivided interest subject to a contingent remainder may be sold under the provisions of the Price Act aforesaid, but the court has no jurisdiction to sell interests which are vested and free of defeasance against the consent of the owners: Kneass' Appeal, 31 Pa. 87; Spencer vs. Jennings, 123 Pa. 184. Consequently we are relegated to the provisions of the will of the testatrix in order to determine whether or not the jurisdiction to direct the sale of the real estate of the decedent exists.

It is to be noted that the testatrix in her last will and testament gives unto her daughter, Catharine Weinhold, the petitioner, a life interest in the said real estate, provided, however, that if the said daughter "should fail in her health and would have no other income and be in distress and dire need of funds for support and comfort, then in such event she may consume such part of this bequest, which may be absolutely necessary for this purpose and for no other purpose whatsoever."

The testimony of the petitioner herself clearly shows that while she is suffering from a diabetic condition, it does not appear that her health has failed. Furthermore, she is employed as well as her husband. She is not in distress and dire need of funds, and it seems, therefore, that the power of consumption given to her by the will of the decedent, her mother, cannot be exercised by the petitioner under the circumstances as they now exist. Counsel for the petitioner apparently recognizes this problem as will appear by his remarks at the hearing held before the court.

Nevertheless, while it is clear that we have no jurisdiction under the circumstances to direct the sale of the real estate of the decedent, it does appear that because of the circumstances surrounding the particular premises, and the possible depreciation in value and the necessity for improvements and repairs, it would be to the mutual advantage of the petitioner and the respondent if the property were sold. It is to be hoped that petitioner and respondent may be able to resolve their differences and agree upon a disposition of their mother's real estate.

It is, of course, beyond our power to direct such sale nor can we decide at this time that the petitioner possesses the power to sell the said premises under and subject to the terms and conditions set forth in the will of the testatrix. Accordingly the following order must be entered:

### Order

And now, to wit, May 8, 1963, the petition of Catharine Weinhold for the sale of the real estate of Susan M. Miller, the decedent, is hereby dismissed; costs to be paid by the estate of the decedent.