**Patchan Estate**

458

*Russell I. Jenkins*, for petitioners.
*Arthur P. Tonozzi*, for respondent.

FRANKS, *J.*, February 20, 1979—The narrow issue here involved in this declaratory judgment action is whether the court may properly authorize the administrator to sell real estate of which decedent died seized for the payment of decedent's debts. After consideration of the briefs of counsel and relevant legal authority, it is this court's opinion that such a sale is not proper under the circumstances.

Since decedent died in 1933, the jurisdiction of the Orphans' Court to direct a sale for the purpose stated must be found within the provisions of the Fiduciaries Act of June 7, 1917, P.L. 447, 20 P.S. §551. Section 16(a) of the act empowers the Orphans' Court to authorize a sale of real estate by a personal representative whenever it appears that the decedent's estate is otherwise "insufficient to pay all just debts and the expenses of the administration." However, section 15(a) of the act provides that no debts of a decedent, including costs of settlement and funeral expenses, shall "remain a lien on the real estate of such decedent longer than

one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the decedent and such executor or administrator, in the judgment index in the county in which such action is brought . . ."

Although there is an absence of a formal accounting, the administrator of the estate (respondent herein) claims that certain debts and costs of administration are outstanding and that the sale of the premises in question is necessary to satisfy them.

Respondent strongly asserts that the costs of administration (incurred after the grant of letters of administration on August 1, 1977) are excluded from the aforecited law limiting the lien of decedent's debts and that a sale for their payment may be decreed after the expiration of the lien of the debts of decedent. He cites for authority the following cases: Cobaugh's Appeal, 24 Pa. 143 (1854); Demmy's Appeal, 43 Pa. 155 (1862); Reynold's Estate, 195 Pa. 225, 45 Atl. 726 (1900). However, each of the cases cited was decided under prior statutory enactments which omitted the phrase "including the cost of settlement of the estate and the funeral expenses of the decedent" (see, e.g., Act of April 4, 1797, P.L. 296; Act of February 24, 1834, P.L. 70). Said phrase first came into effect under the 1917 act and the clear import of the words is that costs of administration lose their lien on real estate where no action for recovery thereof is brought or indexed within one year after the death of decedent. See Stovall Estate, 9 D. & C. 2d 162 (1956).

Respondent also contends that no inheritance tax was ever paid on account of decedent's estate. However, the Act of May 16, 1929, P.L. 1795, sec. 2, in effect at decedent's death, provides that inheritance taxes must be sued for within five years after they are due; otherwise they "shall be presumed to have been paid and cease to be a lien as against any purchasers of real estate." Absent proof to the contrary, this court must accept such presumption and consider the estate to be free of any inheritance tax liens.

Finally, it is asserted that local real estate taxes may not have been paid and these would constitute continuing liens on the property. However, nothing has been shown to support this contention; rather, an independent search of the local tax records indicates that all municipal taxes have been paid.

We sympathize with the plight of counsel for respondent in that a number of heirs of decedent who may have an interest in the property are as yet unascertained and will be difficult to discover for purposes of obtaining an agreement to sell. Nevertheless, there are legal procedures available for establishing rights, title and interests in the land, assuming that not all interested parties can be found. As the situation exists, there are no liens set forth which will support a sale for the payment of debts by the administrator of this estate.

For the aforementioned reasons the court enters the following

## DECREE

And now, February 20, 1979, it is hereby ordered and decreed that the prior orders of this court allowing the sale of the real estate in question (viz., orders dated September 14, 1977, and April 13, 1978)

are vacated; that a sale of the real estate for payment of debts of the estate is not proper; and that judgment is entered in favor of petitioners, prospective purchasers under the agreement for sale of the land.